ERNEST JACOBS *v.* CORNELIUS G. KOLFF AND CHARLES T. PERSUHN.

The plaintiff, a broker, being promised a specified commission for effecting a sale of segars, procured an offer of $3.50 per thousand on credit of six months, or $3.00 per thousand cash, which he communicated to his principals. They refused to sell under $3.80. He then procured an offer of $3.50 cash; but, before he had communicated it to his principals, another broker had procured an offer, from the same purchasers, of $3.37 cash, and they had accepted it.

*Held,* I. That the plaintiff had not earned his commissions.

II. That when the price or limit of $3.80 per thousand was fixed, it was equivalent to contracting to pay the plaintiff the commissions agreed on, when he effected a sale at that price.

III. The contract being special, unless a sale was effected according to its terms, no action could be maintained upon it.

APPEAL by defendants from a judgment of the Marine Court. The action was brought to recover brokerage claimed by plain-

tiff under a special contract. On the trial, judgment was rendered in favor of the plaintiff, which was affirmed by the general term of the Marine Court. The defendants appealed. The facts out of which the claim arose, and the contract relied upon, are fully stated in the opinion of the court.

*F. R. Tillou*, for the appellant.

*F. S. Stallknecht*, for the respondents.

By the Court, DALY, First Judge.—The plaintiff was employed by the defendants, as a broker, to sell segars, of which the defendants had a million on hand—the defendants agreeing to give him one and a half per cent. commission on sales. The plaintiff took samples, but effected no sales—telling the defendants, some time after, that other houses gave him more brokerage, and that, therefore, he gave them the preference. The defendants then agreed to give him 25 cents per thousand brokerage. No limit as to price was fixed by the defendants, which left it optional with them to accept or reject such offers as he might bring them. He brought them an offer for the segars, from Ruhl, Von Keller & Co., of $3.00 a thousand cash, or $3.50 *on their note at six months*, which the defendants declined, telling him that they would not take less than $3.80 a thousand cash. A limit or price having now been fixed, their contract with the plaintiff, as a broker, amounted to an engagement to pay him 25 cents a thousand for effecting sales at $3.80 a thousand. It was a special contract, and unless the plaintiff, according to the terms of it, effected a sale at $3.80 a thousand, he could maintain no action upon it against the defendants. The plaintiff then procured another offer from Ruhl, Von Keller & Co. of $3.50 cash; but, before he had communicated it to the defendants, another broker, having heard, in the market, that the defendants had the segars for sale, and having seen Ruhl, Von Keller & Co., went, with an offer from them of $3.37 cash, to the defendants, for the entire lot, which the defendants accepted, paying this broker a commission of 12½ cents upon the thousand.

Upon this state of facts, it is sufficient to say that the plaintiff did not accomplish what he undertook—the sale of any portion of the segars at the stipulated price; and did not, therefore, earn the commission or brokerage agreed upon. The defendants were not obliged to wait until he brought them such an offer, but were at liberty to sell the segars at any price they thought proper. The plaintiff had brought them an offer from Ruhl, Von Keller & Co., at $3.50 upon a credit of six months, which they declined; and they did not sell to that house afterwards upon such terms, but at $3.37 cash for the entire lot, which they may have regarded, and which may have been, a more favorable offer. It does not even appear, from the testimony, that any of the previous offers of Ruhl, Von Keller & Co., made through the plaintiff, were for the whole lot; and, for all that we know, it may have been that the offer of $3.37 cash for the entire lot was a higher and better offer than any which Ruhl, Von Keller & Co. had previously made. But, however that may have been, it is sufficient to put our decision upon the ground that the plaintiff did not accomplish what, by the special contract entered into, he undertook to do; and that, therefore, he had no action upon it.

Judgment reversed.