By the Court.—Curtis, Ch. J.
The defendant demurs on the ground, that the complaint does not state facts sufficient to constitute a cause of action.
The complaint alleges two causes of action ; one in the plaintiffs own right, and the other as assignee of Jameson, Smith and Cotting. With this exception they are alike in form, and may be considered as one. The complaint in substance states, that on September 24, 1869, the plaintiff and defendant, at. the city of New York, made and entered into a contract, whereby the plaintiff sold the defendant, and the defendant bought of the plaintiff, $1,000,000, gold, and agreed to pay therefor $1.60, currency, for each dollar thereof, and that the sale and purchase were made under and in accordance with the rules of the gold exchange, and that said rules formed part of the agreement so made with the defendant, and that one of them, controlling the contract in question, provided, that on all contracts made at the board, either party might require a deposit' of twenty per cent, as security for the fulfillment of the contract, to be made within one hour after such notice, and in case of difference of opinion as to the *121 place of deposit, it was required to be made in the United States Trust Company.
The complaint further alleges that the plaintiff notified the defendant on September 34, 1869, to deposit twenty per cent, of the purchase price as security for the fulfillment of the contract, and the defendant refused to make the deposit which he had agreed to do in accordance with said rule and said contract, and notified the plaintiff of his refusal. That the plaintiff, on September 30, 1869, sold the gold belonging to the defendant’s account at the highest-bid per dollar to be obtained therefor, $1.33, currency, which was the highest market value of gold in the city of New York, between September 34, the day of the breach of the contract, and the day of sale. That by reason of the failure of the defendant to keep and perform the terms and conditions of the contract, and the consequent breach thereof, the plaintiff has suffered damages in the sum of $380,000, which sum remains due and unpaid.
The defendant’s position is, that admitting every allegation in the complaint, no cause of action is stated. The complaint does not allege that the contract in question was made at the board of the gold exchange ; nor is it to be assumed that it was so made. The rule, by its terms, is expressly confined to contracts made at the board; but if parties to gold contracts, made outside of the board, choose to agree to be governed by, and to have them subject to the rules of the gold exchange, they can do so, and such rules may be resorted to in ascertaining the character, and fulfillment or breach of the contracts, as far as they control or relate to the same. But the defendant claims that the complaint does not allege that the rules adopted on all contracts made at the board, formed part of their agreement. The allegation in the complaint is, that the sale and purchase were made under and in accord *122 anee with the rules of the gold exchange, which rules formed part of the agreement between the parties, and among others contained the provision, controlling the contract in- question, authorizing the requirement of twenty per cent, deposit, and specifying the effect of a failure to make such deposit.
This allegation of the complaint sufficiently brings the contract under the control and interpretation of the rule set out in the complaint. Under this rule the parties agree what shall constitute a breach of the contract. It specifies that a failure to make the deposit within the designated time shall be considered a failure to complete the contract. In other words, that the party thus failing to make the deposit shall be deemed not to have fulfilled it on his part. The effect of this is that the parties agree that such failure to deposit constitutes a breach of the contract made subject to the rule, and that such refusal to deposit is not only a breach of the contract, but it gives the other party an immediate right of action for his damages, without waiting for the time of performance to arrive before bringing his action, the defendant having by his act put it out of his power to perform on his part (Christo v. Armour, 34 Barb. 387). It fails to operate as a rescission of the original contract.
If the contract had been made irrespective of this provision for a deposit with its declaration of the effect of failure to make it, either party, to put the other in default, would have been obliged to aver and show that he was ready or offered to perform. But by this provision, the defendant is put in default in consequence of his omission to perform an act absolutely required of him irrespective of the other terms of the contract; and upon that default the plaintiff’s right of action immediately accrues. The parties having agreed to be governed by this provision, a failure to comply with which operates as a breach of the contract, proof of *123 tender or readiness to perform becomes unnecessary to put either party in default, and is waived. The defendant, by his refusal, having caused a failure to complete the contract, cannot now avail himself of the nonperformance he has occasioned (Clark v. Crandall, 27 Barb. 77; Moses v. Bierling, 31 N. Y. 464; Nelson v. Plimpton F. E. Co., 55 Id. 484).
The plaintiff was not the pledgee of the gold. On the failure to complete the contract he could resume his original rights in respect to the gold. He was at liberty to sell it unrestricted by any obligation to give notice to the defendant (Pollen v. Le Roy, 30 N. Y. 556; Dustan v. McAndrew, 44 Id. 78; Lewis v. Greider, 49 Barb. 635). The complaint states that the plaintiff sold the gold four days after defendant’s refusal, at the highest bid and at the highest market value since the defendant’s breach of contract, and at §1.32 currency for each dollar thereof. This averment shows with reasonable certainty that by the refusal and failure of the defendant to complete the contract, the plaintiff was subjected to a pecuniary loss, and the court can see from the averments of the complaint that the plaintiff has sustained damage, and that the breach of the contract is one from which, where a depreciation of market value is shown, damages would naturally flow.
Where there is a breach of a valid contract, as here, the plaintiff is entitled to recover at least nominal damages (Blot v. Boiceau, 3 Comst. 86; Devendorf v. West, 42 Barb. 227).
The defendant does not claim that the time when the delivery of the gold was to have been made is material to the plaintiff’s cause of action. It is not stated in the complaint, and the the presumption is that it was to have been delivered within a reasonable time. It seems from the complaint that the cause of action sued upon arose before the time for the performance of the contract arrived. The question as to *124 what relief the defendant may have by an application to make the complaint more definite and certain in this respect does not arise on this appeal.
The order appealed from should be affirmed with costs.
Sanford and Freedman, JJ., concurred.