(5 Misc. Rep. 499.)

## SCHULTZ v. GRIFFIN.

(Superior Court of Buffalo, Trial Term. November, 1893.)

1. REAL-ESTATE AGENT—COMMISSIONS—VARIANCE IN CONTRACT.

Where a broker is employed to sell land, part of the price to be paid by the purchaser's assuming a mortgage held by a certain bank, the fact that a contract procured by the broker recites that the mortgage is held by another bank, is not such a variance as to release the owner from his obligation to pay the broker commissions.

2. SAME—SALE BY OWNER.

Where a broker is given the exclusive right to sell certain property within certain time, he is entitled to his commissions if he finds a purchaser within that time who is ready and willing to accept the terms, though the owner has already sold the property.

Action by Schultz against Griffin for commissions alleged to have been earned by plaintiff. Judgment for plaintiff.

J. H. Herman, for plaintiff.

Rogers, Locke & Milburn, for defendant.

TITUS, C. J: This action is brought by the plaintiff to recover of the defendant $1,000, which he claims to have earned in commissions on the sale of the defendant's land. In 1886 the defendant owned 86½ acres of land in this city, and on the 31st day of July he entered into an agreement with the plaintiff to sell the land. The substance of the agreement was that the defendant was to pay Schultz, the plaintiff, the sum of $1,000, "providing he will dispose of or sell my farm on Main street, Buffalo, N. Y., known as the 'Owens Place,' consisting of 86½ acres of land, more or less, within twenty days, for the sum of $20,000, to be paid for as follows: Buffalo Savings Bank, $5,000; two mortgages, $2,500, held by M. Williams; the balance to be paid to Philip Griffin in cash April 1, 1887; said Schultz to have the exclusive sale for twenty days; $1,000 to be paid at the time of making contract." The facts in the case are practically undisputed. About the 19th or 20th of August, before the time mentioned in this agreement had elapsed, the plaintiff called upon the defendant, and told him that he had sold the property, and tendered him the contract. The contract is, in substance, an agreement on the part of the defendant to sell the property to Frank C. Longnecker for $20,000; $1,000 to be paid in cash on the execution of the contract, and the balance, $19,000, by assuming a mortgage to the Erie County Savings Bank for $5,000, a mortgage held by Mr. Williams for $2,500, and $11,500 to be paid in cash on April 1, 1887. This contract was signed by Dr. F. C. Longnecker. When Schultz tendered the contract to the defendant he offered him $1,000 as the first payment provided for in the agreement. The defendant refused to sign the contract, giving as a reason that he had sold the property, and could not comply. The agreement mentions a mortgage held by the Erie County Savings Bank. From the evidence it appears that the mortgage of $5,000 is held by the Buffalo Savings Bank. That is probably not such a variation from the terms of the contract as would affect the rights of the plaintiff. The purchaser agreed to assume a mortgage of $5,000, and the fact that it was held by the Buffalo Savings Bank is not such a variance as to release the defendant from complying with his agreement. About the 13th or 14th of August, and before Schultz had procured a purchaser for the property, he had a talk with Mr. Dee, who told him that the farm was sold, and at the time he presented the contract to Mr. Griffin he knew that Mr. Griffin had already disposed of the contract. This presents the only question in the case,—whether the fact that he knew of the sale of the property at the time he procured a purchaser releases the defendant from his liability on failure to fulfill his contract. There is not much dispute about the law in the case. Where a broker has the exclusive right to sell property for his principal he is entitled to

his commissions when he produces a party ready to make the purchase at a satisfactory price within the limited time, and the principal cannot release himself from liability by a capricious refusal to consummate the sale, or, by a voluntary act of his own, disabling him from performing. Moses v. Bierling, 31 N. Y. 462. But where no time for the continuation of the contract is fixed by its terms either party is at liberty to terminate it at will, subject only to the requirements of good faith. Sibbald v. Iron Co., 83 N. Y. 383. By the terms of this contract the plaintiff had the exclusive right to sell the property or find a purchaser for it for 20 days. If at any time during that period he brought to Mr. Griffin a purchaser, who was ready and willing to accept the terms of the contract, he earned his commissions. It is undisputed that he did bring such a purchaser, and the only reason given for failure of defendant to sell to this purchaser is that he already had sold. Under the authorities this is not such an excuse as will permit the defendant to escape the payment of the commissions.

The contract given by Longnecker provided that the purchaser was to assume the mortgages. When this case was before the court of appeals, in 121 N. Y. 298, 24 N. E. 480, it was held that if, at the time the mortgages were not due, such a condition in the contract was within the authority of the agent, and the purchaser would take it subject to the payment of the mortgages. It appears that none of these mortgages were due, but that they were to mature some time within the ensuing year. I conclude, therefore, the plaintiff is entitled to judgment for the amount of his commissions, $1,000, with interest on that sum from the 20th day of August, 1886, with the costs of this action. Judgment for plaintiff.