### LEVY v. ROTHE.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

REAL-ESTATE AGENT—EXCLUSIVE AGENCY.

> Under a contract by which the owner of real estate agrees to give a real-estate agent "the option and sole agency to sell" it for a certain period, and not to place it for sale during such period in the hands of any other agent, the owner is liable to the agent for commissions, where he procures, within the time specified, a purchaser, able and willing to pay the price demanded, and otherwise to comply with the owner's terms, though the owner had in the meantime sold the premises to another person.

Appeal from Eighth district court.

Action by Daniel Levy against Catharine Rothe to recover commissions for the sale of real property. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Seligman Manheimer, for appellant.
Maas & Goldberg, for respondent.

BISCHOFF, J. The defendant's employment of the plaintiff, a real-estate broker, was evidenced by the following writing:

"In consideration of the sum of one dollar, to me in hand paid, the receipt whereof is hereby acknowledged, and of other good and valuable considerations, I do hereby give unto Daniel Levy, of the city of New York, the option and sole agency to sell and offer for sale the premises No. 257 West 30th street, in the city of New York, about 24x140, for the period of six months from the date hereof, and hereby agree not to place the said premises for sale during the said period in the hands of any other agent or broker. Price $20,000."

Within a month from the day upon which the employment took effect, the defendant herself secured a purchaser, and sold the premises. On the next succeeding day the plaintiff presented a customer, who was able and willing to purchase upon the prescribed terms, and upon such customer's rejection by the defendant this action was instituted to recover the plaintiff's commissions.

Upon the trial the justice ruled, in effect, that the defendant, pursuant to the terms of the plaintiff's employment, was precluded from selling to a person other than a purchaser secured by the plaintiff, ex-

cept at the risk of being compelled to pay the latter's commissions, if within the period limited for such employment he should present a customer who was able and willing to pay the price demanded, and otherwise to comply with the defendant's terms. The charge to the jury embodied the ruling alluded to, and the exceptions to such charge present the only assignments of error which merit discussion. It is ordinarily true, as the defendant's counsel urges, that the employment of one broker does not disable the owner from employing another, or from negotiating a sale in person (Chilton v. Butler, 1 E. D. Smith, 150; Goldsmith v. Cook, 14 N. Y. Supp. 878), since the right of the principal to do, in person or by another, that which he has empowered his agent to do, is an implied condition of every agency (Dole v. Sherwood [Minn.] 43 N. W. 569); but it must be conceded that if the owner employs a broker with the understanding that the latter's agency shall be exclusive, the owner will subject himself to liability for breach of contract if, notwithstanding, he engages or avails himself of the aid of another broker for the same purpose (Moses v. Bierling, 31 N. Y. 462). However, it should be observed that the case at bar differs materially from the case of a mere exclusive agency to negotiate a sale, upon application of the rule governing the interpretation of contracts, that effect should be given, if possible, to every part of the contract under review. 2 Pars. Cont. 89; Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48. It is apparent from the contract before us that it was thereby intended not only to secure to the plaintiff the exclusive agency to negotiate a sale, but also the exclusive right to negotiate a sale during the period limited. Schultz v. Griffin, 5 Misc. Rep. 499, 26 N. Y. Supp. 713; Dole v. Sherwood, supra; Golden Gate Packing Co. v. Farmers' Union, 55 Cal. 606. Such a right necessarily resulted from the plaintiff's "option" to sell, unless, indeed, the contracting parties are to be charged with redundancy. The word "option" may have been inartificially chosen by the parties, but while it remains its effect is not to be avoided. It is a synonym for "choice" or "preference" (Cent. Dict., "Option"), and so must be taken as evidence of an intention to confer upon the plaintiff a right which he was to possess or enjoy above all other persons. The exclusive agency of the plaintiff to negotiate a sale in the defendant's behalf plainly followed from the context of the writing hereinbefore set forth, without reference or allusion to such "option," and unless, therefore, it is held that the defendant intended to waive her right to negotiate a sale in person, so much of the contract as undertook to give the plaintiff an "option" to sell must be held to be meaningless or redundant, in violation of the rule of interpretation already alluded to. The exclusive agency to negotiate a sale, independently of any "option" to sell, secured to the plaintiff a preference over all persons other than the defendant. Obviously, therefore, the "option," choice, or preference in the negotiation of a sale was intended to secure him against the interference of the defendant in person as well. The verdict is amply supported by the facts in evidence, and the judgment should, therefore, be affirmed.

Judgment affirmed, with costs. All concur.