O'HARA et al. v. MURRAY et al.

(Supreme Court, Appellate Division, First Department. April 21, 1911.)

1. BROKERS (§ 10*)—CONTRACT AUTHORIZING SALE—TERMINATION.
     A contract by which defendants authorize plaintiffs, for no specified time, to sell certain lots, they to receive a certain commission on each lot sold, not being coupled with an interest, may be terminated by defendants at any time before sale, without any liability for damages, so long as they act in good faith, and not as a mere device to escape paying commissions; the provision that plaintiffs shall have commissions on lots sold by defendants relating only to the time the agreement is in force, and not having the effect of making it nonterminable till a reasonable time has elapsed for sale of all the lots.
     [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 11; Dec. Dig. § 10.*]

2. BROKERS (§ 11*)—TERMINATION OF AUTHORITY—ACTION—PARTIAL DEFENSE.
     The defense, to the action for termination of the contract by which defendants authorized plaintiffs to sell certain lots for a commission on

*For other cases see same topic &·§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

each lot sold, that after the making of the contract many of the lots were taken under condemnation proceedings, being at most only a partial defense, nothing being shown whereby such condemnation made it impossible to sell the other lots, and being pleaded as a complete defense, is demurrable.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 11.*]

Cross-Appeal from Special Term, New York County.

Action by Peter S. O'Hara and another against Dwight H. Murray and another. From an interlocutory judgment, sustaining demurrers to a defense and overruling a demurrer as to another defense, the parties take cross-appeals.

Reversed on both appeals.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Michael J. Joyce, for plaintiffs.
Abram J. Rose, for defendants.

McLAUGHLIN, J. Action to recover broker's commissions. The amended complaint contains two causes of action; the answer, four separate defenses. The plaintiffs demurred, separately, to the third defense to the first and second causes of action, and also to the fourth defense to the second cause of action, upon the ground that each was insufficient upon its face. The demurrers to the third defense were sustained, and the defendants appeal; and that as to the fourth was overruled, and the plaintiffs appeal.

The first cause of action alleges that the plaintiffs were partners engaged in business as real estate brokers, and that the defendants, on the 29th of August, 1906, entered into a written contract with them for the sale of certain land, which was divided into 258 lots; that by the terms of the contract the plaintiffs were to receive $50 for every lot sold by them or by the defendants; that the agreement further provided the plaintiffs were authorized to spend $150 a month in advertising the property, and to reimburse themselves therefor out of moneys of the defendants which might come into their hands, and, if none were so received, then the defendants should reimburse them; that the plaintiffs entered upon the performance of the contract, expended much time and effort in connection therewith, built and maintained an office on the land at their own expense, and sold two of the lots, for which they were paid the amount agreed upon; and that thereafter, and on or about the 28th of February, 1907, the defendants sold the remaining 256 lots, and have not paid to the plaintiffs the $50 per lot as agreed, by reason of which there is now due them $12,800, with interest from the day specified. The second cause of action sets forth substantially the same facts, and, in addition thereto, that on or about the 1st of April, 1907, the defendants unlawfully and without reasonable excuse violated the contract on their part to be performed, and declined and refused to perform the same, and to permit the plaintiffs to complete further performance upon their part, and that, by reason of such breach, damages have been sustained to the amount of $12,800, with interest.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The third defense demurred to, which was set up against each of the causes of action, alleges that the contract for the sale of the lots was for an unspecified duration; that the plaintiffs had no interest in its performance, other than to earn the commissions therein provided, and therefore it was terminable by either party upon notice; that on January 15, 1907, the defendants gave notice to the plaintiffs that the contract was thereby terminated and canceled. In sustaining the demurrer, the court at Special Term, as appears from the opinion, held that the defense was insufficient, because the contract was not terminable at the will of the defendants until the plaintiffs had had a reasonable time in which to complete their performance, which fact did not appear.

A contract for the sale of land, or other property, when not coupled with an interest, may, if the party act in good faith, be revoked at any time before the sale actually takes place. Terwilliger v. Ontario C. & S. R. R. Co., 149 N. Y. 86, 43 N. E. 432; 1 Am. & Eng. Enc. of Law (2d Ed.) p. 216. In the contract under consideration no time was fixed within which the land had to be sold. Therefore either of the parties was at liberty to terminate it at will, subject only to the ordinary requirements of good faith. The right of the defendants to terminate their authority was unrestricted, provided they acted in good faith, and not as a mere device to escape the payment of commissions. Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441. The contract was entered into on the 29th of August, 1906. It was not terminated until January 15, 1907, over four months, during which time plaintiffs had barely succeeded in selling 2 out of 258 lots. Had they continued at the same rate, they would have sold 6 lots a year, or all of the lots in 43 years. They had demonstrated their inability to perform, even though they were entitled to a reasonable time within which to do so, and for that reason the defendants were justified in terminating the contract when they did. But the authority to sell was not coupled with an interest, and therefore the defendants could revoke it at any time, if they acted in good faith, before the sale actually took place, without incurring any liability for a breach of the contract. Stier v. Imperial Life Ins. Co. (C. C.) 58 Fed. 843.

When the whole contract is considered, I do not think it justifies reading into it a provision to the effect that it could not be terminated until a reasonable time had elapsed for a sale of all the lots. The provision for the payment of commissions on sales of lots made by the defendants was intended simply to obviate any question as to the plaintiffs' right to commissions while the agreement was in force. It did not enlarge their rights, nor prevent the defendants from terminating the contract, if they acted in good faith, before the lots had been sold. It seems to me, therefore, that the demurrers as to this defense should have been overruled.

[2] The second defense demurred to is set up against the second cause of action only, and alleges that on or about January 14, 1907, a large part of the premises referred to in the amended complaint were condemned by the city of New York for public purposes, and therefore the contract became impossible of performance. This is not

a complete defense, in that it does not allege that all of the land was taken by condemnation proceedings. At most, it is but a partial defense, because, if all of the land were not taken, no facts are stated as to why plaintiffs could not have earned their commissions on selling the balance.

It is urged that it is a good defense, because the contract related to all of the lots, and a condemnation of a part relieved defendants from fulfilling as to the balance. But the plaintiffs did not agree to sell all the lots, nor were the defendants obligated to pay commissions on any but the lots sold. The mere fact that it has become impossible to sell some of the lots does not relieve the parties from their obligations as to the others, unless such fact made it impossible to sell those remaining. No facts are pleaded from which it can be seen, or even inferred, that the condemnation of part of the premises by the city of New York has made it impossible to sell those included in the contract not taken by the city. This defense was, at most, but a partial one, and, being pleaded as a complete defense, is demurrable. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.

If the foregoing views be correct, then it follows that the interlocutory judgment appealed from by plaintiffs, overruling the demurrer to the "further and fourth separate and distinct defense to the second cause of action," should be reversed, and the demurrer sustained, with costs, and the interlocutory judgment appealed from by the defendants, sustaining the demurrers to the "further and third defense to the first and second causes of action," should be reversed, and the demurrers overruled, with costs. All concur.