Cunningham, P. J.,
delivered the opinion of the court.
Plaintiff in error, a real estate agent, as plaintiff below, 'commenced: his action in the District Court to recover from the defendant in error a commission, which plaintiff alleged was. due him by virtue of a listing contract, or agreement, whereby plaintiff was- to find a buyer for certain farming land belonging to the defendant. At the close of plaintiff’s testi *489 mony the trial court directerd a verdict for the defendant. The pleadings are in the usual form in such cases, and the essential facts will be stated as we proceed. There is no- contention as to the amount due plaintiff, if there be anything due him. The defendant bases his defense principally upon three grounds, which we shall now proceed to consider.
1. Defendant contends that he had revoked the plaintiffs’ authority to find a purchaser before the latter had produced one. This contention can be summarily disposed of under the rule that the burden of proving revocation rests upon him who alleges it — the defendant in this case, and, not having introduced any evidence whatever, defendant’s contention of revocation cannot be allowed.
Defendant’s revocation, so> far as we can gather from his answer and the testimony given by defendant, is based upon the contention that, through another agent, he had sold the land before plaintiff had produced a purchaser. The plaintiff testified that this was the excuse which the defendant made for not carrying out his arrangement with him. But, it is clear, the mere fact that defendant so stated to plaintiff constitutes no proof from which we may consider that he had in fact sold the land. We shall later on further consider the question of revocation raised in this case.
2. Defendant insists in his brief that plaintiff had arranged with the purchaser which he produced to pay one-half of the purchase price in cash, whereas by the agreement which he, the defendant, had with plaintiff, the purchaser was to pay but $7,000 cash — a far less sum of money than one-half of the selling price. This defendant contends was not a performance of the contract. There are two sufficient answers to this contention: (a) Plaintiff testifies on the stand unequivocally that although $7,000 was named in a certain memorandum evidencing the agreement between plaintiff and defendant, yet the defendant 'had authorized and instructed the plaintiff to take all the cash he could get; (b) the defendant at the time plaintiff advised him that he had found a buyer *490 did not refuse to close the deal on the ground the terms were unsatisfactory; defendant’s only excuse made for not carrying out the contract which he had made with the plaintiff being that he had already sold the land. Bourke v. Van Keuren, 20 Colo. 95, 36 Pac. 882.
Defendant further contends that there was no sufficient showing made by the plaintiff of the ability of the customer which plaintiff produced toi make the purchase on the terms agreed upon. The proposed purchaser produced by the plaintiff testified on this point as follows:
“Q. Now at the time that you wrote that letter (meaning a letter which he wrote to> the plaintiff, the pertinent portion of which reads as follows: ‘Wayland, Mo., August 29, 1912. Mr. Claus Paulsen, Lamar, Colorado. Dear Sir: The proposition in regard to the Rourke land will be accepted as we agreed upon, one-half to be paid down and balance to> be as you stated), you say you were willing to- buy the property on the terms, you have stated, what was your ability to buy the property? A. I had collateral, I suppose I had the money to' pay for it.
“Q. You had the money at that time to' make this deal? A. Equivalent there, yes sir.
“Q. Cas'h payment? A. Yes, sir.”
While this testimony is in some respects similar to that given in Fox v. Denargo Land Co., 37 Colo. 203, 86 Pac. 344, upon which defendant relies, we have examined the record in that case and find the testimony before the court in the Fox case was substantially different on the point here under consideration from the testimony quoted above. The proposed buyer in the Fox case made no¡ attempt to> show that he was able to purchase the land. The purchase of the land in that case required the payment of a very large sum of money at an early date, but the contract which the purchaser testified that he was willing to carry out required the payment of very Tittle cash except as he disposed of portions of the land, which was a large tract platted into town lots. In other words, *491 Poiter, the proposed purchaser in the Fox case, agreed to' do nothing except to accept the privilege of buying, if he should see fit to do- so. The defendant in the case before us made no attempt to- rebut the testimony offered by the plaintiff as to the ability of Schmid, the proposed buyer, to take the land upon the conditions specified. Indeed, the witness was not even cross-examined upon this point. It is not necessary, in order to show the ability of a proposed purchaser to- make a purchase, to prove that he had the amount necessary to' close the deal in actual cash at the moment he agrees to purchase. If it is shown that the purchaser has sufficient collateral, or the' equivalent to cash which he could readily convert into cash, that is sufficient. Plaintiff offered sxifficient evidence on this point to take the case to the jury.
4. In view of another trial, we deem it our duty to consider certain other contentions which have been urged in the briefs. The evidence tends to establish that the defendant gave plaintiff ninety days in which to produce a purchaser. Plaintiff produced a purchaser within the prescribed time, indeed, within a very few days after this agreement had been made. Defendant insists.that notwithstanding he gave the plaintiff a definite length of time within which to produce a purchaser, this does not give plaintiff exclusive authority to sell the land; that under such circumstances, by implication, the defendant retained the right to make a sale at any time, and that such sale so made by the defendant constitutes a revocation of plaintiff’s agency. The trial court appears to have taken this view,' and from the remarks made in passing upon plaintiff’s motion to dismiss the case' it is dear that the trial court granted the same solely upon'this theory. In so doing the trial court committed manifest error, for two reasons: First, because, as we have already pointed out, there was no proof that the defendant had sold the land at all; Second, by the allegations of his verified answer the defendant did not sell the land, .that is, did riot find a- buyer for it, for therein he alleges,' “that on the;2nd day-of Septehiber, ;I'9I2; *492 the said A. A. Gorham (another agent with whom defendant alleges he had listed the land) procured a purchaser for the property satisfactory to defendant and that defendant sold said property to * * * the said purchaser procured by the said A. A. Gorham.”
Some authorities distinguish between exclusive agency and exclusive authority, and hold that while a specific time given a real estate agent in which to procure a purchaser may constitute an exclusive agency which prevents the owner from selling the land within the prescribed time through another agent, it does not prevent the owner from himself finding a buyer, and where the owner himself does find a buyer before the agent has produced one the latter is remediless. It is not necessary for us toj express an opinion upon this attempted distinction, since, as we have pointed out, the owner of the property in the instant case makes no, attempt to show that he had himself found a buyer for the property. His answer shows, a contrary state of facts, and the plaintiff on the stand testified that when he advised the defendant that ihe had found a buyer for this land the defendant then informed plaintiff that he had sold the same, through the efforts of another agent. While there may be authorities to the contra,ry, we are of opinion that where the principal gives his agent a definite time in which to find a purchaser for his property the principal may not during such time make a sale through another agent without becoming liable to. the first agent, if the first agent produces a buyer within the time fixed. Many well reasoned cases hold that the principal may not, without becoming liable to the agent. for his commission, where the latter produces a buyer, within the time, ready, able and willing to purchase, sell the land himself. In other words, these authorities hold that an agency for a definite length of time confers, exclusive authority as well as exclusive agency, but for the reason already stated it is not necessary for us to determine more than that it constitutes an exclusive agency. See Blumenthal & Co. v. R. E. Bridges, 91 Ark. 212, 120 S. W. 974, 24 L. R. *493 A. (N. S.) 279; Hardwick v. Marsh, 96 Ark. 23, 130 S. W. 524; Levy v. Rothe, 17 Misc. Rep. 402, 39 N. Y. S. 1057; Glover v. Henderson, 120 Mo. 367, 25 S. W. 175, 41 Am. St. Rep. 695; Green v. Cole. 127 Mo. 587, 30 S. W. 135; Lane v. Albright, 49 Ind. 275; Cloe v. Rogers, 31 Okla. 256, 121 Pac. 201, 38 L. R. A. (N. S.) 366; Clark & Skyles on Agency, vol. 2, §§ 159, 160.
An especial reason exists in this case why, upon the record now before us, it should be ruled that plaintiff’s authority constituted an exclusive agency — we refer now to the testimony of the plaintiff, who said that he made special inquiry of the defendant, at 'che time the agency agreement was made, whether the land was listed with another agent, and was advised by defendant that it was not so listed; that defendant “said I was the only one had it. I asked him, I wanted to be sure I had this land, if I was the only one.”
The defendant at the close of plaintiff’s testimony moved that the case be dismissed. Upon this motion the trial court appears to have directed a verdict, but, as neither party has made a point of the court having instructed a verdict where a dismissal was asked for, further comment is unnecessary.
We believe it not out of place for us to here call attention to the fact that much unnecessary litigation has come to this court by reason of trial courts having improvidently directed verdicts and granted motions for non-suit. Great caution should be exercised by trial judges when motions of this character are made, and they should never be granted in doubtful cases.
For the reasons given above the judgment is reversed.

Judgment Reversed.