DUNCAN G. HARRIS and C. WHEATON VAUGHAN, Co-partners, etc., Respondents, *v.* MORTON & COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, October, 1917.)

Brokers — action to recover commissions — agency — evidence — trial — lease.

> In an action to recover brokers' commissions in procuring a subtenant for the lessee of certain premises it appeared that there were several brokers working on said lease, the exclusive agency of plaintiffs was not proved nor was there sufficient evidence on the point to justify the court in leaving the question to the jury, and the testimony as to whether plaintiffs or another was the efficient procuring cause of the lease was conflicting. *Held,* that a charge to the jury that where a broker is employed to find a lessee under an agreement for the exclusion of all other agencies the broker is entitled to his commissions when he produces a party ready to make the lease upon satisfactory terms to the owner or lessor, and the principal cannot relieve himself from liability by a capricious refusal to consummate the lease or by a voluntary act of his own disabling him from performance, and a further charge that if the owner employs a broker, with the understanding that the latter's agency shall be exclusive, the owner will subject himself to liability for breach of contract if, notwithstanding, he engages or avails himself of the aid of another broker for the same purpose, were clearly prejudicial to defendant calling for the reversal of a judgment in favor of plaintiffs.

> That the jury must necessarily have understood that they might find that the plaintiffs had an exclusive agency for the lease of the premises and if so they were entitled to commissions, even though the lease was procured by the efforts of another broker.

APPEAL by defendant from a judgment in favor of the plaintiffs entered in the City Court of the city of New York upon the verdict of a jury.

Townley, Foster & Chambers (Alfred H. Townley, of counsel), for appellant.

Carter, Ledyard & Milburn (Edwin De T. Bechtel, of counsel), for respondents.

ORDWAY, J.   This action was brought to recover commissions claimed to have been earned by the plaintiffs as brokers in procuring a subtenant for defendant, which was the lessee of the premises.   There were several brokers working on the lease and the real question involved was as to who was the efficient procuring cause of the lease.   In my opinion the court erred in its charge to the jury on the point of exclusive agency claimed by the plaintiffs.   It is not claimed that there was any specific contract, written or oral, between the plaintiffs and the defendant giving the plaintiffs the exclusive agency, unless it is found in the defendant's letter of May 12, 1913.   This was a letter written by the defendant to the Riker-Hegeman Company at the request of the plaintiffs and delivered to the plaintiff Harris, in which the defendant, after stating that it understands that the premises had been offered to the Riker-Hegeman Company by other brokers at less than the terms authorized, viz., $17,000 per annum, goes on to say: " With the exception of Mr. Duncan Harris, to whom I made a special concession of $1,000 a year for the first two years only, and because he represented your corporation who in my judgment would make a good tenant, no other broker has been authorized to offer these premises at less than $17,000 a year."   The record shows that the other broker, Clucas, was subsequently authorized to make the same offer, and thereafter the lease was made on those terms.

It is on the strength of this letter that the plaintiffs

Appellate Term, First Department, October, 1917.    [Vol. 101.

claim that they had an exclusive agency to make the lease, and they claim that since the lease was made on those terms to the Riker-Hegeman Company, with whom they were negotiating, they are entitled to the commissions.

There was conflicting evidence as to whether plaintiffs or Clucas was the efficient procuring cause of the lease. Of course, without reference to this letter or the question of an exclusive agency, if the plaintiffs were the efficient procuring cause of the lease, they would be entitled to recover the commissions, and the court left that question to the jury, but unfortunately the court also charged the jury as follows: " Where a broker is employed to find a lessee under an agreement for the exclusion of all other agencies, the broker is entitled to his commissions when he produces a party ready to make the lease upon satisfactory terms to the owner or lessor, and the principal cannot relieve himself from liability by a capricious refusal to consummate the lease or by a voluntary act of his own disabling him from performance. The law further provides: 'If the owner employs a broker, with the understanding that the latter's agency shall be exclusive, the owner will subject himself to liability for breach of contract if, notwithstanding, he engages or avails himself of the aid of another broker, for the same purpose.' "

To both parts of this charge the defendant separately excepted. These two paragraphs of the charge are quotations from the cases of *Moses* v. *Bierling,* 31 N. Y. 462, 464, and *Levy* v. *Rothe,* 17 Misc. Rep. 402, 403. The difficulty is that they were not applicable to the facts of this case, and must have been misleading. I think the jury must necessarily have understood from that charge that they might find that the plaintiffs had an exclusive agency for the lease of

these premises and that if so plaintiffs were entitled to commissions even though the lease was procured by the efforts of another broker.

The plaintiffs did not claim that they had conversation with the defendant or its officers in which the defendant gave them an exclusive agency, and there is no evidence of any exclusive agency except so far as it is contained in the defendant's letter of May 12, 1913. But that letter is a mere statement that up to that date no other broker had been authorized to offer the property at the rental mentioned. It does imply that other brokers had been authorized to offer the property at $17,000 a year, and it does not state that thereafter the plaintiffs would be the only brokers who might offer the property at the reduced rental for the first two years. No purpose or intention is expressed as to the future, and the defendant does not limit in any manner its freedom of action in the future in that regard.

The case of *Levy* v. *Rothe, supra,* was a case where there was an express written agreement giving the broker " the option and sole agency for the period of six months," and the owner agreed " not to place the said premises for sale during said period in the hands of any other agent or broker," and the court relied on these very definite and express words to protect the plaintiff in his right to commissions.

In my opinion, there was no exclusive agency proved in this case nor was there sufficient evidence of such an exclusive agency to justify the court in leaving the question to the jury, or charging them that in the case of an exclusive agency the plaintiffs were entitled to recover commissions even if the lease were procured through the efforts of another broker. The respondents seem to claim that, even if this were not strictly an exclusive agency, they, nevertheless, were entitled

26

to a reasonable time in which to perform to the exclusion of other brokers, but it seems to me that this claim is founded on the same assumption of an exclusive agency. Moreover, it seems to be well settled that since the authority of the plaintiffs was not coupled with an interest, and was not based on any consideration other than their efforts as brokers to earn their commission, the defendant could revoke it at any time, if it acted in good faith before the lease was actually made, without incurring any liability to the plantiffs. *O'Hara* v. *Murray*, 144 App. Div. 113; *Schultz* v. *Griffin,* 5 Misc. Rep. 499.

It seems to me that this charge was clearly prejudicial to the defendant, as the real question in the case was whether the plaintiffs or Clucas was the efficient procuring cause of the lease, whereas under this charge as to exclusive agency the jury would undoubtedly understand that they might find a verdict for the plaintiffs regardless of whether or not they were the efficient procuring cause of the lease.

BIJUR and PHILBIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.