John J. McCall, J.
Plaintiff moves, pursuant to CPLR 3213, for summary judgment on an instrument calling for the payment of a sum of money only. The supporting documents consist of the instrument and an affidavit of the plaintiff. Defendants submitted their affidavit, and that of their attorney, in opposition and, additionally, ask for summary judgment, pursuant to CPLR 3212 (subd. [b]). Said section permits a party other than the original moving party to seek the relief without the necessity of a cross motion.
The instrument in question here is a contract between a broker and an owner relative to the sale of real and personal property, the latter including the stock and equipment of a restaurant business. At the outset, there comes to mind of the court whether the instrument in question was of the kind intended to be embraced by the statute. The defendants here, by responding as they did and seeking the same kind of relief, indicated that the adopted procedure was a ‘ speedy and effective way of disposing of a claim. The aim of those who drew the statute was to avoid the superfluous gesture of a formal complaint and the delay incident to a formal answer when the actual situation dictated the wisdom of obtaining judgment, one way or the other, forthwith. Here, both parties apparently feel the statutory remedy should apply and the practical construction placed on the section by the parties is going to be followed by the court.
The property was listed at $50,000 and the commission was to be 8% of the sales price. The following significant clause appears:
*1031 “In consideration of your endeavor to rent, sell, exchange or purchase the property described hereon, the undersigned grants you the sole and exclusive right for a period of six months * * * to rent, sell, exchange or purchase said property at a price upon the terms hereon, or such other terms and price to which the undersigned consents.
“ The undersigned further agrees to assist and cooperate in such rental, sale, exchange and purchase. The undersigned hereby agrees to pay you commission in accordance with the rates printed hereon in case said property or any portion thereof is rented, sold, exchanged or purchased by you or any person during the term of this contract, or if it should be sold within six months from its expiration to anyone with whom you ever had negotiations or whose name you have given at or before such expiration. Exclusive privilege is granted to place your sign on the property. ’ ’
Do we have here an exclusive agency, or an exclusive right to sell? If the former, the owner can sell, himself, without being liable for commissions; if the latter, the principal’s selling on his own makes him so liable. In this regard, employment of a broker as the exclusive agent for a specified period of time has been regarded as creating an exclusive right to sell, not an exclusive agency. (Levy v. Rothe, 17 Misc. 402; Schultz v. Griffin, 5 Misc. 499; Slattery v. Cothran, 210 App. Div. 581; Barnet v. Cannizzaro, 3 A D 2d 745; 6 N. Y. Jur., Brokers, § 130.) A similarity in the present instrument and that in the Barnet case is noted in that both provide for the payment of the commission if the sale is effected by the broker or any other person. If these owners sold the property during the term of the contract, they are liable for commissions.
From the defendants’ affidavit, it appears that they entered into contract on September 21, 1968. All parties agree here that such date was within the period the agency contract was in effect. It is apparently undisputed that such a contract was not fully and completely executed until January 23, 1969. How-' ever, after September 21,1968, the equitable title to the property was in the vendees and the defendants here had sold their interests. The plaintiff here could no longer sell on behalf of the defendants, pursuant to the agency contract, for the defendants had divested themselves of the interest to be sold. The sale was of the character that entitled the plaintiff to commissions and the fact that this plaintiff never dealt with the purchasers is in no way operative here.
Judgment for the plaintiff in the sum of $3,200 is hereby granted.