Joseph P. Kuszynski, J.
The issue, on motion pursuant to CPLB 3212 (subd. [e]) for a partial summary judgment, is whether an option to purchase if later exercised has the same effect with respect to commissions due to a real estate broker as an actual sale, when given by the owners of the real property during the period of an exclusive listing of their property for sale with a broker.
The defendant Cedrick F. Smallidge who jointly with his wife Florence Smallidge owned the premises known as the Pleasant View Golf Course in Lancaster, New York, gave the plaintiff herein an exclusive listing to sell the golf course at a price of $750,000. He signed the agreement in the presence of his wife. The listing agreement was due to expire on January 31, 1969. However on January 14, 1969, Mr. and Mrs. Smallidge granted an option to Claude Morrison giving him or his assignees the right to purchase the golf course for $725,000. It appears that for a nominal consideration, the option was extended three times and before its expiration it culminated on June 30,1969 in a sales contract with an assignee of Mr. Morrison, the Permanent Construction Corporation, to whom title was subsequently transferred when the purchase price of $725,000 was paid.
Any sale during the term of an exclusive listing with a real estate broker gives rise to a commission being due and owing to •the broker. (Barnet v. Cannizzaro, 3 A D 2d 745 ; Bagley v. *731 Butler, 59 Misc 2d 1029.) While the option in itself was a contingent agreement under which the optionee could accept or reject the purchase of the premises, the effect of its giving was to remove the premises from the market just as if an actual sale was made. The option bound the owners to the optionee and/or his assigns and suspended their right to sell the premises to anyone else during the life of the option. Therefore for all practical purposes, the option when given terminated the exclusive listing agency theretofore existing between the owners and the real estate broker which had 16 days remaining. The fact that the option could have been permitted to lapse by the parties to it but instead was voluntarily extended does not alter the situation that the option had its origin during the exclusive listing period. (See Tongue v. White, 47 Misc 2d 357.)
It is the judgment of this court that the option of January 14, 1969 which resulted in the sale of the golf course to the Permanent Construction Corporation was encompassed by the exclusive listing provisions by terms of which the defendants as owners had obligated themselves to pay commissions to the broker, the Hunt Real Estate Corporation, in the event the listed premises were sold by it, by the owners or any other person during the term of the agency.
The exclusive listing agreement bound Florence Smallidge ■too, as she was present when the listing agreement was signed and given to plaintiff by her husband. Her silence is deemed to be acquiescence constituting an acceptance on her part of the contract. (Electrolux Corp. v. Val-Worth Inc., 6 N Y 2d 556.)
Accordingly, this court must in all respects grant the plaintiff’s motion for partial summary judgment against both defendants in the sum of $43,500 with interest thereon from November 21, 1969 and herewith refers the remainder of the claim for $1,500 to the City Court of Buffalo for trial of the issues involved.