CENTURY 21—CLIFFORD REALTY, INC., Appellant, v MARGUER-
ITE GIBSON, Respondent.

Fourth Department, December 20, 1989

## APPEARANCES OF COUNSEL

*Levett & Gordon (Dean Gordon* of counsel), for appellant.

*Willard R. Pratt, III,* for respondent.

## OPINION OF THE COURT

PINE, J.

Marguerite Gibson gave plaintiff an exclusive right to sell

certain commercial property in a listing agreement running for one year from April 9, 1984. The agreement included terms for a lease as well as for sale. During the listing period, in October 1984, the owner entered into a five-year lease with an option to purchase with Genuine Auto Parts, Inc. (Genuine). The option was exercised during its second year, in December 1986, and the premises were purchased by an assignee of Genuine.

Plaintiff broker sought a commission on the sale. After a nonjury trial Supreme Court determined that there was no agreement to pay a commission on exercise of the option because there was no reference to such a commission in the lease agreement or in a contemporaneous document designated as a real estate contract, agreements between Gibson and Genuine. The court interpreted both documents against plaintiff, treating its representative as the draftsman. The court concluded that the absence of a clause in either of those documents referring to a commission reflected the fact that there was no agreement between the broker and Gibson to pay one. It found further evidence that there was no agreement in the fact that the broker made an unsuccessful effort, after execution of the lease, to secure a written agreement from the seller to pay a commission.

Supreme Court erred. It failed to discuss the listing agreement between the broker and the seller in its written decision. The listing agreement is not ambiguous, it gave plaintiff an exclusive right to sell, and it provided for a commission upon sale. As a matter of law it is well established that a broker's right to a commission occurs when an option to purchase is exercised, the sale is completed, and the broker was the procuring cause of the option agreement (*Gallinger Real Estate v Mufale Dev. Corp.*, 53 AD2d 1014). Because the listing agreement was in effect when the option to purchase was given, and because the option subsequently was exercised, plaintiff is entitled to a commission just as if an actual sale had occurred during the life of the listing agreement (*see, Hunt Real Estate Corp. v Smallidge*, 66 Misc 2d 730, *appeal dismissed* 330 NYS2d 784).

The only case relied on by defendant on appeal is *Greiner-Maltz Co. v Stevens* (66 Misc 2d 79); the court also had relied on that case in denying an earlier motion for summary judgment. In *Greiner-Maltz*, the court enforced an oral contract to pay a sales commission on the exercise of an option, holding that a broker's right to a commission upon the exer-

cise of an option to purchase is dependent upon an agreement to that effect. There is no indication in that case of any written agreement between the owner and the broker. It is clearly distinguishable from this case because here there is a written listing agreement between the broker and owner providing for a commission on sale.

Accordingly, plaintiff is entitled to judgment on its second cause of action in the amount of $9,375.

DILLON, P. J., GREEN, LAWTON and DAVIS, JJ., concur.

Judgment insofar as appealed from unanimously reversed, on the law, without costs, and plaintiff's second cause of action reinstated.