MYLES G. KELLY, Respondent, v. ELSIE B. DOOLITTLE, Appellant.— Defendant appeals from a judgment of $2,500 in favor of plaintiff-respondent. The action was brought to recover commission earned as a real estate broker in procuring a purchaser willing and able to purchase defendant's real property in accordance with her written agreement to sell. The plaintiff produced as a purchaser one Chaitt. The contract between him and this defendant-appellant is in writing. The first instrument is under seal signed by Chaitt and is a request for an option to purchase the real property for $142,500. Accompanying this, and in accordance with the request, was a check for $5,000, made payable to defendant's attorney and by him indorsed over to her. Upon the request for an option defendant indorsed the following: "For value received I hereby grant the option above asked for. Elsie B. Doolittle, L. S." This instrument bore date July 21, 1936. Mr. Chaitt presented to the defendant or her attorney an acceptance in the following words: "I hereby accept the terms of sale contained in the above option and agree to purchase said property on said terms and to accept the deed, pay the purchase price and close the deal within thirty days from this date." Upon this defendant indorsed the following under date of July 27, 1936: "I hereby approve and agree to carry out my part of the written contract as now accepted and hereby guarantee that the W. T. Grant Co. lease therein referred to is in full force and that the same has not in any way been changed or modified by me." The purchaser demanded a deed in the early days of August and caused his attorneys to write two letters to the defendant, one under date of August 11, 1936, the other under date of August 18, 1936, and in each the defendant was advised that the purchaser desired to carry out the contract and requested a deed. These letters were registered and receipted for on behalf of the defendant. It is unquestioned that the plaintiff-respondent agreed with the defendant to accept $2,500 as his fee or brokerage and that she would receive $140,000 net. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

VITO MECCIA, Respondent, v. EDITH M. GRAY, Also Known as EDITH M. O'NEIL, Individually and as Executrix, etc., of NELLIE GRAY, Deceased, Appellant. — Appeal from an order setting aside an *ex parte* order directing the plaintiff to give security for costs. The order appealed from is affirmed on the ground that the application for the order for costs was prematurely made; no action was pending between the parties at the time the motion for security of costs was made. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., McNamee, Crapser and Heffernan, JJ., concur; Bliss, J., taking no part.