Mario Pittom, J.
This is a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.
The complaint is based on a brokerage contract between plaintiff and S. E. P. Realty Corp., and an alleged conspiracy among all defendants to deprive plaintiff of his commissions. It contains two causes, one for the agreed commission and the other for quantum meruit. It is rather inartistieally drawn, and it is unclear whether the theory is in contract for broker’s fees, or for malicious interference with contract rights, or for conspiracy to deprive plaintiff of commissions. It does not properly allege a cause on any theory.
First: On contract: No action against S. E. P. Realty Corp. for commissions is stated. It does not allege performance of conditions precedent, either in the conclusory form permitted by rule 92 of the Rules of Civil Practice, or in ultimate fact form. The allegations that the prospective vendee made an offer to plaintiff exceeding the amount which S. E. P. Realty Corp. desired does not show that he brought the minds of the vendor and vendee to an agreement. (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378.) Nor does he show a claim for quantum meruit. The alleged terms of the brokerage contract is “to employ the plaintiff to procure a purchaser for the said property ”.
No contract claim is stated against Devins, Jacobs or Roosevelt Shore Road, Inc.; there is no allegation of any brokerage contract with them. Nor is any contract claim stated against Eisenberg who, it is alleged, made the brokerage contract as agent on behalf of S. E. P. Realty Corp. Further, in his memorandum, plaintiff disclaims any contract theory.
Second: Malicious interference with contract rights: Though the alleged “net contract” is not illegal (Geoghegan v. Chatterton, 113 App. Div. 835; Kelly v. Doolittle, 254 App. Div. 602) no cause is stated on this theory against Eisenberg, Devins, Jacobs and Roosevelt Shore Road, Inc. Such action must rest-on the basis of a contract right of recovery against S. E. P. Realty Corp. In Hornstein v. Podwitz (254 N. Y. 443, 448) the court stated: “ The complaint herein contains, as amended, all *621 of the essential allegations necessary in a complaint to recover damages for wrongfully inducing a breach of contract. It sets forth the contract and the fact that the plaintiff had fully performed, and tuas entitled to the agreed commissions; that the defendants, with full knowledge thereof, entered into an agreement to deprive the plaintiff of the commissions which he had earned ” (italics supplied). This complaint does not show that the plaintiff was entitled to commissions and that the other defendants wrongfully induced S. E. P. Realty Corp. not to pay. Even if valid against the others, this theory would not authorize recovery against S. E. P. Realty Corp. (Labow v. Para-Ti Corp., 272 App. Div. 890).
Third: Conspiracy to deprive plaintiff of commissions: The present complaint does not state a cause under Keviczky v. Lorber (290 N. Y. 297). It does not allege that the real property was ever purchased from S. E. P. Realty Corp. or that plaintiff would have earned a commission but for the alleged conspiracy.
The complaint must therefore be dismissed, but with leave to serve an amended complaint. The fact pattern alleged seems to be one that might permit a cause of action to be stated under the Kevicsky case (supra). Though the real property was never actually purchased, it may be that in substance the same result was reached by Devins and Jacobs purchasing the stock of S. E. P. Realty Corp. It also seems possible that plaintiff ‘1 would have earned the commission if defendants had not conspired to refrain from dealing with plaintiff and thus prevented him from earning the commission.” (Keviczky v. Lorber, 290 N. Y. 297, 305-306, supra.) The motion is granted. The complaint is dismissed, with leave to serve an amended complaint.