■ EUGENE J. BUSHER Co., INC., Respondent, v. GALBREATH-RUFFIN REALTY Co., INC., Appellant, et al., Defendant.

MEMORANDUM BY THE COURT. Judgment entered May 13, 1964, as amended June 10, 1964, affirmed, with $50 costs to respondent. A jury, after a fair and comprehensive charge by the Trial Justice, found for plaintiff, a licensed real estate broker, in this action to recover commissions for procuring a tenant for appellant's premises. The verdict of the jury is amply supported by all of the evidence, particularly the testimony of Busher who acted on behalf of the plaintiff corporation; the letter written by appellant to plaintiff, dated December 9, 1958; the testimony of Hogan, the executive vice-president of American Airlines, Inc., the lessee, that respondent in the late Summer or early Fall of 1959 was asked by Hogan about space available in appellant's building and informed by Hogan of the amount of space required as well as the rental which American Airlines wished to pay; the testimony of Jacob, the senior vice-president in charge of real estate development for American Airlines, that in September, 1959, Jacob told Busher that if his company was going to rent outside, he would let plaintiff know, and that thereafter Jacob, in October, 1959, did call Busher to inform him of his company's decision to go outside for space; and Jacob's testimony that he related these conversations to Ruffin, appellant's president. From all the evidence, the jury could properly conclude that the lease was effected through plaintiff's agency as the procuring cause. Plaintiff unquestionably generated a chain of circumstances which proximately led to the ultimate lease of the premises. The proof shows that plaintiff brought the parties together and instigated a proper attitude toward the possible lease. That a broker did not thereafter participate in the negotiations working out the terms of the agreement does not deprive the broker of his right to commissions. (*Salzano* v. *Pellillo,* 4 A D 2d 789.) Defendant-appellant raised an issue at the trial as to whether plaintiff was the procuring cause or whether appellant acted as a principal without a broker in its dealings with the proposed tenant. The jury were instructed that in order to find for plaintiff, it was necessary for them to find that plaintiff was employed to procure a tenant and that the plaintiff procured one ready, willing and able to lease the property on terms which the defendant specified or upon which the parties to the lease eventually consummated the transaction. Those issues of fact were resolved by the jury verdict in favor of plaintiff. We see no compelling reason for disturbing the jury's determination.

RABIN, J. (dissenting). I dissent and vote to reverse the judgment in favor of the plaintiff and to dismiss the complaint.

The plaintiff brought this action to recover real estate brokerage commissions alleged to have been earned by him in connection with a lease by the defendant Galbreath-Ruffin Realty Co., Inc. (the appellant) to the American Airlines, Inc. The lease covered a portion of space in the building that appellant was to erect at 633 Third Ave., Manhattan. The jury brought in a verdict in favor of the plaintiff which, including interest, amounted to $330,275.87.

The complaint contained four causes of action. It was only the first cause of action upon which recovery was made — the last three having been dismissed. No appeal from such dismissals was taken, and consequently we must determine whether a judgment in favor of the plaintiff on the first cause of action was justified. I think not.

The first cause of action alleges a classic claim for commissions by a broker who claims that having been employed to do so, it procured a lessee ready, willing and able to enter into a lease upon mutually agreeable terms and that a lease in consequence of such procurement by it was executed. To sustain such cause of action it became the burden of the plaintiff to prove that it was the procuring cause in the consummation of such lease — that the lease was entered into as the result of its efforts. Merely finding a prospective tenant does not entitle the broker to commissions (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 382). Accepting all of the proof offered by the plaintiff as being true, such proof does not support a finding that this plaintiff was the procuring broker in the consummation of the lease. To the contrary, the proof is clear that the actual negotiation was done by the defendant Galbreath, and that the lease was consummated through its efforts and not through any efforts of the plaintiff. All that the plaintiff proved was that it received repeated statements of the American Air Lines that it was not interested in procuring space in 833 Third Avenue and it achieved no more than to obtain the promise that if and when American should become interested in finding space in the building other than where it was then located it would notify the plaintiff. But, that does not entitle plaintiff to a commission. Nowhere in the record do we find any results attributable to the plaintiff's efforts other than what is here indicated. At best, the evidence offered by the plaintiff demonstrates merely that it tried to interest the prospective tenant to enter into a lease. It is clear from such testimony that it was never able to do so. It is interesting to note that the weight of the testimony indicates that it was not even the first broker to call to the attention of the tenant the availability of space in the building to be built.

Nor does it avail the plaintiff anything, even if we were to accept plaintiff's claim, that it was advised by the defendant Galbreath that it would be paid a commission regardless of the fact that Galbreath decided to deal directly with American. Plaintiff may not rely on such a promise — even if it were made — to sustain this judgment. I do not consider whether plaintiff would be entitled to a judgment on the basis of such alleged promise if the matter had been properly pleaded and presented to the jury. The fact is that it was not so pleaded, nor was it given to the jury to consider. There is nothing to indicate that the jury accepted that phase of plaintiff's testimony. Consequently, it cannot support the verdict reached.

Besides, reliance upon such alleged promise changes the theory of the plaintiff's claim completely. It would then be seeking to recover commissions regardless of the fact that it may not have been procuring agent in the closing of the lease whereas in order to sustain the judgment here entered it is obliged to prove that it was such agent. Accepting all of the plaintiff's testimony there is still no support whatever for a finding that it was the procuring cause and consequently the complaint should be dismissed.

Botein, P. J., Valente and Witmer, JJ., concur in memorandum by the court; Rabin, J., dissents in opinion in which Eager, J., concurs.

Judgment entered May 13, 1964, as amended June 10, 1964, affirmed, with $50 costs to respondent.