ALBERT J. PENZOTTI, Doing Business as PEN REALTY COMPANY, Respondent, *v.* BRODA MACHINE COMPANY, INC., et al., Appellants.

Fourth Department, October 28, 1971.

*Findlay, Hackett, Reid & Wattengel* (*Paul H. Reid, Jr.,* of counsel), for appellants.

*Runals, Broderick, Shoemaker, Rickert, Berrigan & Doherty* (*John E. Runals* of counsel), for respondent.

CARDAMONE, J. When approached by plaintiff, a real estate broker, defendant Martin Broda, president of defendant corporation, indicated a willingness to sell the family-owned business. The business consisted of Broda Machine Company, Inc., owned 50% by Martin Broda and 50% by his brother, defendant Walter Broda. Also considered a subject of the sale was certain improved real property used in the business and owned by Martin Broda and Walter Broda as tenants in common. The proposed sale was never consummated. Plaintiff sued for commissions which he claimed were due him under the terms of a brokerage agreement. The defendants' motion to dismiss the complaint for failure to prove a prima facie case was denied at the end of plaintiff's proof and again when renewed at the end of all proof and after the court set aside the jury verdict and ordered a new trial. This was error.

Although the plaintiff's evidence created an issue of fact for the jury on the question of the existence of an implied brokerage agreement, the trial court erred in submitting to the jury the further question of the broker's performance of that agreement. Viewing the facts in a light most favorable to the plaintiff, as we must, the record reveals that the plaintiff produced a buyer and, although no written contract was entered into, the buyer and seller agreed upon a price and an anticipated closing date. However, at the time the negotiations broke down most of the essential terms had not been agreed upon. Most important in that regard was the failure to resolve whether the transaction would involve the sale of stock or corporate assets. While the evidence sufficiently established that the buyer contemplated a purchase of assets, there is no evidence as to whether he intended to purchase some or all of them. Further, the evidence indicates that the seller might have desired periodic payments, but there is no evi-

dence that the terms of payment were ever agreed upon. A broker earns his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller (*Lane-Real Estate Dept. Store* v. *Lawlet Corp.*, 28 N Y 2d 36, 42, citing *Hecht* v. *Meller*, 23 N Y 2d 301; *Levy* v. *Lacey*, 22 N Y 2d 271). In this regard the broker assumes the duty of bringing " the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue " (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 382). While it is true that a contract between the buyer and seller need not be fully executed or consummated for a broker to earn his commissions (*Lane-Real Estate Dept. Store* v. *Lawlet Corp.*, *supra*, p. 42, quoting with approval *Hecht* v. *Meller*, 23 N Y 2d 301, 305) something more substantial than mere agreement on price and closing date is required (*House* v. *Hornburg*, 267 App. Div. 557, 560, affd. 294 N. Y. 750). The parties must be brought to an agreement with respect to all essential terms customarily encountered in such transactions before the broker's commissions are earned (*Kaelin* v. *Warner*, 27 N Y 2d 352, 355–356).

Absent any proof of agreement between the buyer and seller of the essential terms of any purported agreement between them other than price and closing date, the court below should have granted the defendants' motion to dismiss the complaint.

DelVecchio, J. P., Marsh, Moule and Henry, JJ., concur.

Order insofar as appealed from unanimously reversed on the law and facts, with costs, defendants' motion granted and complaint dismissed.