■ BETTINA MUNSON, Doing Business as WOODHAVEN AGENCY, Respondent, v. PAUL D. TILLEY, as Executor of RAYMOND TILLEY, Deceased, et al., Appellants, et al., Defendants.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 15, 1973 in Otsego County, upon a decision of the court at a Trial Term without a jury. In this action brought to recover brokerage commissions arising out of a sale of real property, plaintiff established that she had a nonexclusive listing authorizing her to procure a purchaser; that her saleswoman had pointed out the property to the purchasers; had advised them that the property was listed at about $31,000 and probably negotiable; and that it was owned by the Raymond Tilley estate. Plaintiff did not advise the executor of the estate or anyone else on behalf of the estate of the name of the prospective purchasers, and did not obtain an offer from the prospective purchasers or do anything more than to point out the premises and describe the interior. Plaintiff admitted that the prospective purchasers were interested in expending about $25,000 towards the purchase of a home. The record discloses that the purchasers were previously aware of the property; had advised the plaintiff that they were not interested in the property, but subsequently were introduced to the executor of the estate by the husband purchaser's employer who, as an insurance agent, had issued a policy of insurance on the property. The purchasers thereafter negotiated a contract of purchase for the sum of $26,000. Subsequent to the execution of the contract and just prior to the transfer of title, plaintiff informed the attorney for the estate by letter that she was entitled to brokerage commissions. The attorney then called her and advised that the executor was not aware of her involvement, if any, in the sale. "'The duty of a broker employed to sell property is to bring the buyer and seller into accord. To entitle him to commissions he must produce a purchaser ready and willing to enter into a contract on the employer's terms; and the broker is not entitled to commissions for unsuccessful efforts to effect the sale, unless the failure is the fault of the principal.' * * * A purchaser has the right to choose the broker through

whom he wishes to negotiate. That a broker may have been the first to bring the property to the attention of the buyer or that he may have initiated negotiations does not give the broker the right to a commission, particularly where, as here, no exclusive agency is claimed." (*Newberry & Co.*, v. *Warnecke & Co.*, 267 App. Div. 418, 421, affd. 293 N. Y. 698.) "Where a broker by attracting attention to property interests a party, who refuses to negotiate through him, this does not entitle the broker to a commission if the principal in good faith thereafter negotiates a contract on the direct application of the party." (*Lord* v. *United States Transp. Co.*, 143 App. Div. 437, 456.) Plaintiff failed in her duty, as broker, to bring the seller and the buyer to terms. That she may have called the purchasers' attention to the property would not alone be determinative of a right to a commission. Her duty consisted not alone of directing attention to the property, but of effecting the sale. (*Simonson* v. *First Nat. Bank of Rockville Centre*, 231 App. Div. 868; cf. *Baird* v. *Bardis*, 32 A D 2d 785.) It appearing that plaintiff was not the procuring cause of the sale, the judgment must be reversed and the complaint dismissed. Judgment reversed, on the law and the facts, and complaint dismissed, with costs to appellants. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.