■ GALLINGER REAL ESTATE, INC., Respondent, v MUFALE DEVELOPMENT CORP., Appellant.—Judgment unanimoulsy affirmed, with costs. Memorandum: This is an action for real estate brokerage commissions. Plaintiff, a real estate broker, was authorized by defendant to find a purchaser for certain building lots owned by defendant. Plaintiff brought about a sale to Lancaster Homes, Inc. (Lancaster), of five lots in an area known as Parkside

North, and in conjunction with that sale the defendant and Lancaster also executed an option agreement under which Lancaster could purchase additional lots from defendant on specified terms and conditions. Plaintiff and defendant agreed on the commissions to be paid upon the closing of each sale with the express stipulation that "No commissions shall be deemed earned or payable until and unless title actually passes." Commissions were paid for every lot purchased by Lancaster under the precise terms of the written option agreement. It is conceded that ultimately all of the lots designated in the option to purchase were conveyed to Lancaster but defendant contends that the original option agreement was terminated when Lancaster informed defendant that it could no longer exercise its option pursuant to the original terms. An oral agreement was then entered into between defendant and Lancaster under which the latter had option rights to be exercised upon a different schedule of lot purchases and a different basis for the purchase price per lot. Under the revised terms defendant was required to obtain Federal Housing Administration (FHA) approval of lots in Section B of Parkside North. The original option agreement was never formally terminated, either orally or in writing, but defendant contends that it was in fact terminated. It is acknowledged, however, that plaintiff was never given notice that the original agreement was terminated or otherwise canceled. Sixty-six lots were actually conveyed to Lancaster subsequent and pursuant to the revised terms and plaintiff sues for brokerage commissions on those sales. Implicit in the judgment of the trial court is a finding that plaintiff's efforts were the procuring cause of the sales to Lancaster of all of the lots included in the original written option agreement (see *Wylie v Marine Nat. Bank,* 61 NY 415; *Lloyd v Matthews,* 51 NY 124; *Munson v Tilley,* 45 AD2d 806). Such a finding was based in large measure upon conflicting testimony involving the credibility of witnesses and should not be disturbed unless unsupported by any fair interpretation of the evidence *(Swensson v New York, Albany Desp. Co.,* 309 NY 497, 505; *Collins v Wilson,* 40 AD2d 750). The only issue before us is whether the revised terms and conditions orally reached between defendant and Lancaster for the ultimate sale of the 66 lots were so independent of the efforts of plaintiff in bringing together a willing buyer and seller as to relieve defendant of its obligation to pay commissions upon the transfer of title to Lancaster. A broker earns his commission when he produces a buyer who is ready, willing and able to purchase at terms set by the seller *(Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; *Hecht v Meller,* 23 NY2d 301; *Levy v Lacey,* 22 NY2d 271; *Penzotti v Broda Mach. Co.,* 37 AD2d 340, 342, affd 33 NY2d 815; see, also, *Sibbald v Bethlehem Iron Co.,* 83 NY 378). Where a broker's efforts are the procuring cause of an option agreement for the purchase of property, his right to a commission accrues when the option is exercised and the sale is completed *(Kelly v Doolittle,* 254 App Div 602; 12 Am Jur 2d, Brokers, § 188). If the option has terminated or expired, however, the broker is not entitled to a commission on a subsequent sale to the optionee unless the sale was the fruit of the original option *(Lee v Woodward,* 259 NY 149). Here the subsequent sales to Lancaster were made on terms more favorable to it and somewhat more demanding upon defendant. Free to terminate the relationship when informed by Lancaster that it would no longer proceed under the original option, the defendant chose to engage in continuing negotiations which, unknown to plaintiff, resulted in revised terms and conditions and the ultimate transfer of title to Lancaster of all of the involved properties. Had this been a contract of sale, rather than an option, it is clear that a

subsequent modification by mutual agreement of the contracting parties would not operate to deprive the broker of commissions which were fully earned when the parties originally contracted. *(Cody v Dempsey,* 86 App Div 335, 339). While the commissions here were not to be deemed earned until a transfer of title, there is nonetheless substantial basis in the record to support the conclusion that the ultimate sales to Lancaster were the fruit of the original option agreement and that plaintiff's efforts were the procuring cause of those sales. (Appeal from judgment of Onondaga Supreme Court—real estate commission.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.