(December 21, 1979)

■ ALFRED K. GREENE, Respondent-Appellant, v MAYNARD HELLMAN, Appellant-Respondent, et al., Defendants.—Judgment affirmed, with costs to plaintiff. Memorandum: This is an appeal from a judgment entered after trial without a jury awarding $18,750 to the plaintiff for commissions earned as a real estate broker. Implicit in the judgment of the trial court is a finding that the plaintiff's efforts were the procuring cause of the sale. Such a finding was based in large measure upon the conflicting testimony involving the credibility of the witnesses and should not be disturbed unless unsupported by any fair interpretation of the evidence (Gallinger Real Estate v Mufale Dev. Corp., 53 AD2d 1014). While defendant maintains and the record confirms that there was no actual contact between him and the broker, the purchase offer submitted by the buyer explicitly set forth a provision acknowledging plaintiff's efforts as a broker with a right to a commission. The buyer placed such a provision in the purchase offer exonerating him from paying a brokerage commission to the plaintiff and acknowledged the plaintiff as the person who had introduced the parties and presented him with a financial statement concerning the subject property. Under the circumstances this placed a burden on the defendant to check with the purchaser and settle with him the matter of his potential claim before accepting the offer. The offer was accepted by the defendant with this provision contained therein acknowledging plaintiff's services. "If a broker's communication with a purchaser brings the purchaser and the owner together and the sale results in consequence, brought about by the broker's action as a procuring cause, the broker may be entitled to his commission although he did not negotiate between the parties, was not present at the sale and the owner did not even know that the customer was found by the broker (Lloyd v. Matthews, 51 N. Y. 124; Kalmanson v. Callahan, 276 App. Div. 983)" (Salzano v Pellillo, 4 AD2d 789, 790). We find sufficient credible evidence in the record to support the finding that the plaintiff was the procuring cause of the sale and see no compelling reason for disturbing the court's determination (Busher Co. v Galbreath-Ruffin Realty Co., 22 AD2d 879, affd 15 NY2d 992). All concur, except Cardamone, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Cardamone, J. (dissenting). I dissent from the majority view in this case. In order to consider, as they do, the question of whether the plaintiff broker was the procuring cause of the sale of the $375,000 shopping center property, the broker must first prove one of three propositions: the owner employed him; the owner had an authorized agent who employed him; or the owner clothed another with "apparent authority" to employ him sufficient to bind the owner. None of these is proved in the record before us. With respect to the first, the majority and all parties concede that the owner, Hellman, had no communication whatsoever with the broker, Greene, and clearly did not employ him as a real estate agent. With regard to the second theory the plaintiff alleges that Hellman gave actual authority to Driscoll, one of Hellman's business associates, to employ Greene as an agent. An agency relationship comes into being as the result of conduct by two parties manifesting that one of them is willing that the other act for

him subject to his control, and that the other consents so to act (Restatement 2d, Agency, § 1, comment on subsection [1], p 8; 2 NY Jur, Agency, § 1, p 194). An actual agency may be implied from the words and conduct of the parties (2 NY Jur, Agency, § 24) or be inferred from prior habit or course of dealing of similar nature between the parties *(Skutt, Inc. v Goodwin, Ltd.,* 251 App Div 84, 86). Here plaintiff Greene, as the one claiming that he was dealing with an alleged agent, has the burden of proving the existence of the agency relationship (2 NY Jur, Agency, § 26, p 208). However, both Hellman and Driscoll deny any such agency and the record simply is devoid of any proof that an agency relationship was created. Nor is there proof which shows that Driscoll had ever acted as Hellman's agent on prior occasions or that Hellman, as principal, in some manner manifested his consent that Driscoll act as his agent in this transaction. Even were an agency relationship to have been created, the record contains no proof that Driscoll had actual authority, either express or implied to enter into an oral contract with plaintiff Greene to find a buyer for Hellman's property. Actual authority is that which the principal has actually given the agent. An agent's "scope of authority" includes not only the actual authorization conferred upon him by his principal, but also that which has been impliedly delegated to him (2 NY Jur, Agency, § 83, p 248). Plaintiff's complaint does not allege that Hellman ever authorized (either expressly or impliedly) Driscoll or any other of Hellman's business associates to act as his agent in offering West Wayne Shopping Plaza for sale. There was no proof offered by plaintiff that such authorization, either express or implied, had in fact been given. The proof which plaintiff points to is the testimony of Driscoll, who admits that although he was never given authority to sell the plaza, nevertheless, he attempted to effect a sale. Hellman denies authorizing Driscoll to attempt to procure a purchaser. The proof reveals that defendant Hellman was out of the State for most of the time period in question; that the West Wayne Plaza was not for sale prior to the spring of 1975 as it was a lucrative investment; and that Hellman decided to sell it only because of financial pressure. Driscoll testified that he sent out the financial statements on the property merely because he had the information in his files. The fact that Driscoll allegedly attempted to sell the plaza does not mean that Driscoll was in fact authorized by Hellman to do so and absent proof of actual authorization may not subject defendant Hellman for liability to pay broker's commissions. Such does not preclude a claim against defendant Driscoll inasmuch as one can obligate himself for the payment of commissions in effecting a sale of property which he does *not* own (6 NY Jur, Brokers, § 91). In any event, the trial court did not base its determination on a finding that Driscoll had *actual* authority to contract orally with plaintiff Greene to sell Hellman's property but, rather, concluded that Driscoll had "apparent authority". A principal is bound to a third person by the act of his agent in excess or abuse of the latter's actual authority where the third person believes and had a right to believe that the agent was acting within and not exceeding his authority, and the third person would sustain loss if the act was not considered that of the principal (2 NY Jur, Agency, § 87, p 251). "Apparent authority" is not automatically available to the injured third party to bind the principal. Rather, the existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal—not on the part of the agent *(Ford v Unity Hosp.,* 32 NY2d 464, 472-473). The apparent authority for which the principal may be held liable must be traceable to him; it cannot be established by the

unauthorized acts, representations or conduct of the agent *(Ford v Unity Hosp., supra,* p 471). A party cannot be said to have been misled by the apparent scope of an agency when he was unaware of its existence (2 NY Jur, Agency, § 89, p 254). Where a person with or without information as to the existence of an agency deals with the agent as the real principal, he is not entitled to hold the true principal on the basis of an apparent or ostensible authority of the agent, unless the true principal in some way adopts the transaction or claims its fruits under circumstances making it unjust that he should not be bound thereby (2 NY Jur, Agency, § 90; Restatement, 2d Agency, § 8 C, p 42; Ann., 95 ALR 1319, 1320—Dealing with Agent as Principal). Greene never relied on the apparent or ostensible authority of Driscoll to act as Hellman's agent in the sale. There was no basis, therefore, for the trial court to rely on this theory to hold Hellman liable to Greene for commissions, nor has plaintiff made a claim either in his pleadings or in the proof presented on any theory of unjust enrichment or estoppel. The majority view in affirming is, therefore, based upon the erroneous assumption that a contractual relationship existed between Hellman and Greene. Absent such a relationship, there is no basis to consider whether Greene was the procuring cause of the sale of Wayne Plaza. The holding of the majority further imposes a duty or burden on the seller of real property to check at his peril with the purchaser regarding possible real estate commissions where a broker's name is mentioned in a contract between seller and purchaser. The fact that Greene's name was inserted in the purchase offer signed by Hellman does not provide a basis for concluding as a matter of law that Greene was a third-party beneficiary of that contract. The *mere consent* of an owner to the rendition by the broker of *unsolicited services* in effecting a sale of his property is *not* sufficient to justify a legal conclusion that the owner intends to enter into a contractual relationship with the broker and pay for his services (6 NY Jur, Brokers, § 85, pp 352-355; see *Naum v Wiltsie,* 271 App Div 169, 171). A broker has no claim for commissions arising out of the purchase contract between buyer and seller because that contract contains an agreement by one to indemnify the other for real estate commissions *(McGrath v Bagley,* 273 App Div 822; *Warsawer v Burghard,* 234 App Div 346). It is only where the purchase contract contains a clear agreement "to pay brokers the commissions and other compensation due" that plaintiff can claim to be a third-party beneficiary *(Ficor, Inc. v National Kinney Corp,* 67 AD2d 659). Ordinarily, such determination is one of fact to be derived from the intent of the parties and the circumstances surrounding the execution of the purchase contract. A third-party beneficiary claim was not pleaded, argued or proved in this case; nor was it the basis upon which the trial court found for plaintiff. In my view, therefore, the trial court's award of judgment to plaintiff on the first cause of action in contract was an error of law. For the reasons stated, I vote to reverse the judgment and direct a new trial on all three causes of action alleged against all defendants. (Appeals from judgment of Monroe Supreme Court—real estate broker's commission.) Present —Dillon, P. J., Cardamone, Callahan and Witmer, JJ.