■ Rexford Realty Group, Inc., Respondent, v John Scofield et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: It is well settled that in the absence of an agreement to the contrary, a real estate broker is deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller (Lane—The Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 42). The broker's right to a commission is not dependent upon the performance of the realty contract or the receipt by the seller of the selling price unless such conditions are part of the brokerage agreement (Hecht v Meller, 23 NY2d 301, 305). In this action to recover a real estate broker's commission, it is not disputed that plaintiff was responsible for procuring a signed purchase offer for the purchase of defendants' property, which offer, according to the pleadings, "was contingent upon the sellers obtaining all approvals for the existing trailerpark sight [sic] as required by all governmental authorities." The purchase offer was accepted in writing in the following language: "I hereby accept the above offer and agree to sell on the terms and conditions set forth and to pay Rexford Realty Group, Inc., 7% seven percent brokerage commission and the deposit here made may be applied thereon." Thereupon, in our view, plaintiff had performed its contract with

defendants and had earned its commission (see *M.I. Bernett, Inc. v Bossert,* 283 App Div 952, affd 308 NY 792). While defendants attempted at trial to show that they had made diligent but unsuccessful efforts to procure approvals from appropriate governmental authorities, they failed to raise an issue of fact as to plaintiff's right to a broker's commission. It may not be drawn either from the duly accepted purchase offer or from the testimony at trial that plaintiff's right to a commission was conditioned upon defendants' procurement of such approvals. Thus the trial court properly directed a verdict against defendants. (Appeal from judgment of Monroe Supreme Court—real estate brokers' commissions.) Present—Dillon, P. J., Cardamone, Doerr, Witmer and Moule, JJ.