■ ANTHONY L. LANESE, III, Doing Business as GEPPETTO'S WORKSHOP, Appellant, v BLOSSOM GOLDSTEIN, Respondent, et al., Defendants. — In an action on a contract, the plaintiff appeals from an order of the Supreme Court, Richmond County, entered July 17, 1980, which granted the defendant Goldstein's motion for renewal and, upon renewal, *inter alia,* vacated a prior order denying said defendant's application to vacate her default. Order modified, on the law, by deleting the second, third and fourth decretal paragraphs and substituting therefor a provision that, upon renewal, the original determination is adhered to. As so modified, order affirmed, with $50 costs and disbursements to plaintiff, and without prejudice to renewal on proper papers. The affidavit submitted in support of the instant motion was not based upon the personal knowledge of the affiant, and thus did not contain sufficient factual allegations to demonstrate a meritorious defense. In the absence of an adequate showing of merit, the default of defendant Goldstein should not have been vacated (see *L. W. Mfg. v Gentile,* 77 AD2d 865; *Bruno v Village of Port Chester,* 77 AD2d 580). Gibbons, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ GEORGE A. McKENNA, Petitioner, v TOWN OF ORANGETOWN et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent town board, dated August 2, 1979 and made after a hearing, which dismissed petitioner from his position as a police officer. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Based upon the allegations of misconduct in the case at bar, respondents were justified in proceeding pursuant to section 75 of the Civil Service Law. (See *Matter of Brockman v Skidmore,* 39 NY2d 1045, revg 43 AD2d 572.) Although the testimony elicited at the hearing concerning the underlying basis for petitioner's actions was in conflict, it is the function solely of the agency to weigh the testimony (see *Matter of Collins v Codd,* 38 NY2d 269). There is substantial evidence to support the determination. Finally, in view of the seriousness of the misconduct and the importance of public trust in its police officers, it cannot be said that the punishment of dismissal was so disproportionate to the offense so as to shock one's conscience. (See *Matter of Alfieri v Murphy,* 47 AD2d 820, affd 38 NY2d 976; *Matter of Muldoon v Mayor of Syracuse,* 34 NY2d 222, 236-237.) Gibbons, J. P., Rabin, Gulotta and Margett, JJ., concur.