■ STANLEY A. SMYCZYNSKI, Doing Business as STANFORD REAL ESTATE, Respondent-Appellant, v ISABEL C. GOESEKE et al., Appellants-Respondents. — Judgment unanimously modified and, as modified, affirmed, without costs. Memorandum: The record reveals sufficient evidence to support a finding that plaintiff brought the parties together on the sale of defendants' farm. All a broker need do to establish a prima facie case is introduce evidence tending to show the existence of a commission agreement and that he has procured a ready, willing and able purchaser at the price and terms of the seller. These are all questions of fact and as such must be resolved by the jury (*Lane--Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 44; *Gallinger Real Estate v Mufale Dev. Corp.,* 53 AD2d 1014, 1015), as is the question of whether the broker was the procuring cause of sale. A finding that a broker's efforts were the procuring cause of a sale, especially when that finding is based upon the

conflicting testimony, should not be disturbed unless unsupported by any fair interpretation of the evidence (see *Gallinger Real Estate v Mufale Dev. Corp, supra*). Reviewing the proof in the light most favorable to the plaintiff (*Colegrove v City of Corning,* 54 AD2d 1093), we must affirm the judgment. The trial court's award of interest was proper. Plaintiff has a statutory right to interest regardless of whether it was included in the *ad damnum* clause. Interest shall be computed from the earliest ascertainable date the cause of action existed (CPLR 5001, subd [b]). In the absence of an agreement to the contrary, a real estate broker is deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller (*Rexford Realty Group v Scofield,* 77 AD2d 801). Marrano's signature on Exhibit No. 9 indicates he was ready, willing and able to buy as of August 7, 1975. Therefore, all the terms set by the contract proved by plaintiff were met on August 7, 1975 and the judgment should be modified to include interest computed from that date (see *Arigo v Abbott & Cobb,* 86 AD2d 958). (Appeal from judgment of Supreme Court, Erie County, Sedita, J. — broker's commission.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.