# (May 21, 1982)

■ LEWIS A. BRIGGS, Doing Business as STOCKING REAL ESTATE, Respondent, v ALAN S. RECTOR et al., Appellants. — Judgment reversed, on the law and facts, without costs, and complaint dismissed. Memorandum: Defendants Alan and Esther Rector owned a dairy farm in Yates County which they sold to Aaron Stoltzfus. Plaintiff, a real estate broker, initiated this action alleging that he was the procuring cause of the sale and thus entitled to a brokerage commission equal to 6% of the sales price. The jury awarded plaintiff an amount representing approximately one half of the alleged commission and defendants appeal. Defendants contend that their motion for a directed verdict should have been granted because there was insufficient proof as a matter of law that plaintiff had a contract of employment with defendants or that he was the procuring cause of the sale. We must determine whether by any rational process the trier of the facts could base a finding in favor of plaintiff upon the evidence presented (*Cohen v Hallmark Cards*, 45 NY2d 493; *Harris v Cool*, 85

AD2d 921). Examining the proof in that light, we find that the jury could have concluded that there was an oral contract for defendants to pay plaintiff a commission if he sold the farm. The pivotal issue then is whether plaintiff was the "procuring cause" of the sale. The seminal case on the subject of procuring cause is *Sibbald v Bethlehem Iron Co.* (83 NY 378, 382-383) where the Court of Appeals declared "[b]ut in all the cases, under all and varying forms of expression, the fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue". The Court of Appeals has recently acknowledged that to be the correct statement of the prevailing rule and has stated further "however variable the judicial terminology employed to express the requirement that the broker must be the procuring cause, it has long been recognized that there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (*Greene v Hellman,* 51 NY2d 197, 206). A broker is not required to participate in all stages of the negotiations or be present when the agreement is actually concluded (*Greene v Hellman, supra,* p 206; *Sibbald v Bethlehem Iron Co., supra,* p 382). Nonetheless, it is necessary that the broker do more than call the property to the buyer's attention or show the property to the buyer (see 11 NY Jur 2d, Brokers, § 122, p 490; § 133, p 506 [and cases cited therein]; see, also, *Greene v Hellman, supra,* pp 205-206; *Munson v Tilley,* 45 AD2d 806, 807). If he does not participate in the negotiations, he must at least show that he created an amicable atmosphere in which negotiations went forward or that he generated a chain of circumstances which proximately led to the sale (*Busher Co. v Galbreath-Ruffin Realty Co.,* 22 AD2d 879, affd 15 NY2d 992; see, also, *Salzano v Pellillo,* 4 AD2d 789). Generally, whether a broker was the "procuring cause" is a fact question for the jury; however, under the facts presented here, plaintiff did not establish a prima facie case and defendants' motion for a directed verdict should have been granted. Plaintiff Briggs testified that Aaron Stoltzfus, the buyer, came to his office and inquired about dairy farms. Briggs took him to the Rector farm and showed him the barn, looked at the fields and described the property. Although Briggs testified that he described the boundaries of the farm, Stoltzfus testified that the boundary lines given him by Briggs were incorrect. He did not show him the house because the Rectors were not home. Briggs testified that he spent approximately one-half hour showing Stoltzfus the property. Stoltzfus, called as plaintiff's witness, testified that he had no further contact with Briggs until approximately two months later when he called Briggs to inform him that he was interested in the farm. Briggs told him that he should deal directly with Rector because of "lack of communication" between Briggs and Rector. According to Briggs' own testimony, he did not participate in the negotiations and did not know the terms of the sale. There is not a shred of evidence that Briggs' efforts amounted to any more than directing Stoltzfus' attention to the property and showing him part of the farm. Indeed, it may be said of plaintiff's activities here as of the plaintiffs in *Greene v Hellman* (*supra,* pp 206-207) that "[h]e never arranged nor attempted to arrange for a meeting of these persons, much less of their minds." All concur, except Callahan, J., who dissents and votes to affirm the judgment, in the following memorandum.

Callahan, J. (dissenting). I·cannot concur that "There is not a shred of evidence that Briggs' efforts amounted to any more than directing Stoltzfus' attention to the property and showing him part of the farm." Briggs is no mere bystander in this transaction. It is undisputed that it was he, in his capacity as a licensed real estate broker, who located and showed the property to the

ultimate purchaser. The record reveals sufficient evidence to support a finding that plaintiff brought the parties together on the sale of defendants' farm. There is evidence that the defendants never required plaintiff to procure a buyer at a specified price or specified terms. Therefore, procurement of a ready, willing, and able buyer was all that was required of plaintiff and all plaintiff could do. "[A]ll a broker need do to establish a prima facie case is introduce evidence tending to show the existence of a commission agreement and that he has procured a ready, willing and able purchaser at the price and terms of the seller. These are all questions of fact and as such must be resolved by the jury" (*Lane — Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 44; *Gallinger Real Estate v Mufale Dev. Corp.*, 53 AD2d 1014, 1015), as is the question of whether the broker was the procuring cause of the sale (*Smyczynski v Goeseke*, 88 AD2d 765). A finding that a broker's efforts were the procuring cause of a sale, especially where that finding is based upon conflicting testimony, should not be disturbed unless unsupported by any fair interpretation of the evidence (see *Gallinger Real Estate v Mufale Dev. Corp., supra*). Reviewing the proof in the light most favorable to plaintiff (*Colegrove v City of Corning*, 54 AD2d 1093), we should affirm the judgment. (Appeal from judgment of Supreme Court, Yates County, Dugan, J. — real estate broker's commissions.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.