■ COUNTY ASPHALT, INC., Respondent, v NORTH ROCKLAND UNDERGROUND CORP., Defendant, and CARL ZEISS, INC., Appellant. — In an action to foreclose a mechanic's lien, defendant Carl Zeiss, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper), of the Supreme Court, Westchester County (Rubenfeld, J.), entered November 8, 1982, as granted plaintiff's motion, *inter alia,* for leave to enter a default judgment against it, denied its cross motion to vacate its default in answering, and directed a foreclosure sale of certain real property owned by it. Order and judgment affirmed insofar as appealed from, with costs. In order to open up a default, the moving party must first allege and factually establish the existence of a meritorious defense to plaintiff's claim (*Bouxsein v Bialo,* 35 AD2d 523). The affidavit of merit submitted in support of appellant's motion did not contain sufficient factual allegations to demonstrate a meritorious defense. In the absence of the requisite showing of such a defense, appellant's motion to vacate must be denied (*Lanese v Goldstein,* 80 AD2d 636). To succeed in a motion to vacate a default, a defendant is required to also demonstrate that its default was "excusable" (CPLR 5015, subd [a], par 1; *Bouxsein v Bialo, supra*). In the case at bar, appellant's failure to serve its answer was not excusable, as it was notified of plaintiff's clear intent to enter a default judgment and was given sufficient time in which to serve a responsive pleading. Titone, J. P., Mangano, O'Connor and Niehoff, JJ., concur.

■ JOHN DE ANGELIS et al., Respondents, v KATHRYN GRAHAM et al., Respondents, and WENDY BURNETT et al., Appellants. — In an action to compel the specific performance of an alleged contract for the sale of realty, defendants Burnett, Abrahams and Burnett Real Estate, Inc., appeal from so much of a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated July 21, 1982, as, dismissed their cross motion for summary judgment on their cross claim against defendants Graham and Smith to recover a brokerage commission and, in effect, dismissed said cross claim. Judgment reversed insofar as appealed from, on the law, with costs, cross motion denied, and cross claim severed. The existence of triable issues of fact regarding the question of whether the minds of the parties to the underlying real estate transaction had ever "met" with respect to the essential contract terms precludes the granting of summary judgment dismissing appellants' cross claim to recover a brokerage commission (see *Kaelin v Warner,* 27 NY2d 352; see, also, *Penzotti v Broda Mach. Co.,* 37 AD2d 340, 342, affd 33 NY2d 815; cf. *David Day Realty v Farkas,* 75 AD2d 783; *Adler Realty Co. v Benerofe,* 42 AD2d 715, affd 34 NY2d 583). In this regard, we note that the absence of an enforceable contract between the defendants-respondents and the prospective purchasers due to the lack of a sufficient writing to satisfy the Statute of Frauds (General Obligations Law, § 5-703) is not determinative of appellants' right to recover commissions (see General Obligations Law, § 5-701, subd a, par 10; Restatement, Agency 2d, § 445, Comment *d,* cited with approval in *Kaelin v Warner, supra,* p 355). Gibbons, J. P., Thompson, Gulotta and Boyers, JJ., concur.