■ LOUIS GOLDBERG, Doing Business as GOLDBERG BROTHERS, Appellant, v COVE CADILLAC CORP. et al., Respondents.—In an action to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 8, 1987, which denied its motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

Upon a review of the record, we find that the defendant has sufficiently raised issues of fact pertaining to the circumstances surrounding the negotiation of a contract for the sale of the real property in question. Since there was no agreement to the contrary, the plaintiff was entitled to a commission if and when he produced a buyer who was ready, willing and able to purchase on the seller's terms *(Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36). From the record, we cannot determine whether the buyer produced by the plaintiff was ready, willing and able to purchase the property in question. There are material issues of fact as to whether there was a meeting of the minds between the buyer and the seller, as well as other issues of fact dealing with the seller's authority to enter into the agreement and the broker's knowledge of a fatal defect in title. The existence of triable issues of fact regarding the question of whether the minds of the parties to the underlying transaction had ever "met" precludes the granting of summary judgment *(De Angelis v Graham,* 96 AD2d 570). Accordingly, the broker's motion for summary judgment was properly denied *(Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.