■ KALMON DOLGIN AFFILIATES, INC., Respondent, v ESTATE OF GEORGE H. NUTMAN, Deceased, Appellant.—Mahoney, P. J. Appeal from a judgment of the Surrogate's Court of Ulster County (Traficanti, Jr., S.), entered January 21, 1990, upon a decision of the court in favor of plaintiff.

Plaintiff, a real estate brokerage firm, commenced this action against defendant to recover commissions due from defendant's decedent, George Nutman. Nutman, as the sole shareholder of George Nutman, Inc., had owned a parcel of commercial real estate in Kings County, a large portion of which he sold in September 1982 to 105 Evergreen Associates. In June 1983 plaintiff, which had regularly listed properties for Nutman but was unaware of the September 1982 sale of the large parcel to 105 Evergreen Associates, received a listing from Nutman to find a buyer for that property as well as a small parcel of adjacent land that Nutman had retained. Plaintiff thereafter actively sought a purchaser for the property, believing that Nutman was still the owner and with Nutman arranging for on-site inspections. In late 1983, plaintiff procured a buyer, Penco Industries, which thereafter met with Nutman to negotiate a sale. Penco and Nutman eventually reached an agreement for the sale of the larger parcel for $1.5 million, with the sale of that smaller portion that Nutman actually owned left open for further negotiations. Nutman told Penco to draw up a contract listing 105 Evergreen Associates as seller, representing to Penco that he was a principal thereof. A contract was drawn which Nutman retrieved himself for review by his attorney. The next day Nutman informed plaintiff that the property had already been sold and that he did not own it. A sale between Penco and 105 Evergreen Associates never materialized, as the latter had already contracted to sell elsewhere. Nutman himself received $25,000 in brokerage commissions for his own involvement in that subsequent sale.

Plaintiff then brought this action against Nutman and 105 Evergreen Associates for brokerage commissions. Those claims brought against 105 Evergreen Associates were discontinued and, because Nutman subsequently died in September 1986, the remaining claims against Nutman continued against defendant and the matter was transferred pursuant to SCPA 501 (1) (b) to Surrogate's Court. Following a nonjury trial, Surrogate's Court rendered a decision in favor of plaintiff on

its claim for commissions earned on the sale of the larger parcel once owned by 105 Evergreen Associates. Defendant now appeals.

We affirm. Defendant initially contends that plaintiff had the burden of proving that it was employed by the property's true owner in order to be entitled to a commission. Defendant further argues that, because Nutman was not the true owner of the property, plaintiff could not establish that the requisite employment relationship with an actual seller existed. We take a different view. The relationship between broker and principal is a contractual one which involves, in general terms, a promise by one party, a principal, to pay the other, the broker, in consideration for the latter's production of a ready, willing and able buyer of property upon the former's terms (see, Lane—Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 42; 11 NY Jur 2d, Brokers, § 16, at 359). The principal, in effect, employs the broker's services, the performance of which triggers the principal's obligation to pay (see, Hecht v Meller, 23 NY2d 301, 305). Absent an agreement otherwise, the broker's ultimate right to compensation is not dependent upon an actual sale of property (see, Lane—Real Estate Dept. Store v Lawlet, supra, at 42-43; Hecht v Meller, supra; Smith v Peyrot, 201 NY 210, 214). The principal's obligation to pay upon performance by the broker is not necessarily conditioned upon his ability to sell the property to the ready, willing and able buyer. Thus, absent a contrary arrangement, a principal who employs a broker is liable for commissions when the broker performs the contract by procuring a purchaser, even though the principal does not own the property involved and cannot, therefore, sell it (see, Kennon v Poerschke, 148 App Div 839, 840; Pearsen v Lemken, 34 Misc 2d 636, 637; Batchis v Dlugasch, 128 Misc 148, 149; Jeremias v Mantione, 60 NYS2d 181, 182; 11 NY Jur 2d, Brokers, § 97, at 453; see also, Greene v Hellman, 73 AD2d 826, 827 [dissenting opn], revd 51 NY2d 197). Accordingly, by employing plaintiff to find a buyer, Nutman, although he did not own the property at issue, became liable for commissions once plaintiff procured a ready, willing and able purchaser.

As a final note, we reject defendant's argument that plaintiff failed to perform under the contract because the purchaser he procured negotiated the terms of the sale with Nutman and thus was not a buyer ready, willing and able to purchase according to the true owner's terms. Unless it is agreed otherwise, the principal employs the broker to procure a buyer willing to buy upon the terms of that principal who so

employs the broker. In the instant case, it was Nutman who employed plaintiff and who designated the terms upon which plaintiff's purchaser was to agree. In light of the foregoing, the judgment should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.