■ EUGENE F. BERSANI, Respondent, v PATRICK J. BASSET, JR., et al., Appellants. (Appeal No. 1.)—Judgment unanimously reversed on the law with costs, motion denied and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action for recovery of a real estate broker's commission based upon a contract between defendants and Ectrav, Inc. for the sale of property. Plaintiff introduced defendants to Ectrav in the fall of 1987, and assisted in

negotiations for the sale of the property. Defendants and Ectrav entered into a contract for the sale of 2.2 acres for $850,000, but the contract was terminated by Ectrav shortly thereafter, ostensibly because of problems with site conditions.

Subsequently, defendants and Ectrav resumed negotiations and entered into a second contract on May 4, 1988 for the sale of 2.43 acres for $850,000. Plaintiff contends that, upon the closing of the second contract, he was entitled to a broker's commission of $50,000, as had been previously agreed with defendants. Defendants assert that termination of the first contract ended plaintiff's entitlement to a commission. The IAS court granted plaintiff's motion for summary judgment. That was error.

In the absence of an agreement to the contrary, a broker is entitled to a commission when he produces a buyer ready, willing and able to purchase on terms acceptable to the seller *(Graff v Billet,* 101 AD2d 355, 356, *affd* 64 NY2d 899). The parties may agree, however, that the commission will be due only upon passage of title *(Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42). Whatever preparatory work the broker does to produce a ready, willing and able buyer is irrelevant once he agrees to forego his commission until passage of title. He bears the risk of the deal until the condition precedent is satisfied *(White & Sons v La Touraine-Bickford's Foods,* 50 AD2d 547, *affd* 40 NY2d 1039).

Here, it is not disputed that passage of title was a condition precedent to plaintiff's right to a commission. Plaintiff's complaint seeks recovery of the commission based upon the closing of the second contract, and the correspondence between plaintiff and defendants establishes that plaintiff's right to a commission would arise only upon passage of title.

Notwithstanding that the contract between the parties established a condition precedent to plaintiff's right to a commission, there is a significant factual dispute whether plaintiff was the "procuring cause" of the sale *(Greene v Hellman,* 51 NY2d 197, 206) or whether termination of the first contract by Ectrav broke the "chain of circumstances which proximately led to the ultimate [sale] of the premises" *(Busher Co. v Galbreath-Ruffin Realty Co.,* 22 AD2d 879, *affd* 15 NY2d 992). Generally, whether the broker is the "procuring cause" is a factual question for the jury *(Briggs v Rector,* 88 AD2d 778; *Smyczynski v Goeseke,* 88 AD2d 765). Consequently, the IAS court should not have granted summary judgment, and we remit the matter for further proceedings.

Defendants also assert that Real Property Law § 442-d bars plaintiff's cause of action for recovery of a broker's commission because plaintiff was not a licensed broker on the date of the closing of the second contract. Real Property Law § 442-d provides, in pertinent part, that "[n]o person * * * shall bring or maintain an action * * * for the recovery of compensation for services rendered * * * without alleging and proving that such person was a duly licensed real estate broker * * * on the date when the alleged cause of action arose." Under defendants' theory, plaintiff's cause of action "arose" in April 1989 at the time of the closing. We disagree. Generally, a broker is entitled to a commission if he was licensed at the time the services were rendered, not at the time of the closing *(Schenck v Sleepy Hollow Cemetery,* 265 App Div 974). The broker's cause of action is predicated upon the rendering of specific services, namely, bringing together the minds of the buyer and seller *(Sibbald v Bethlehem Iron Co.,* 83 NY 378, 382). The licensing requirement for real estate brokers is intended to protect the public from inept, inexperienced or dishonest persons, not to permit others to take advantage of a violation of the statute to escape their obligations *(Galbreath-Ruffin Corp. v 40th & 3rd Corp.,* 19 NY2d 354, 362-363; *Bendell v De Dominicis,* 251 NY 305, 310). (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Broker's Commissions.) Present—Denman, P. J., Boomer, Lawton, Fallon, and Doerr, JJ.