■ SHOLOM & ZUCKERBROT REALTY CORP., Appellant, v 101 FLEET PLACE ASSOCIATES et al., Respondents. [615 NYS2d 148] — Order unanimously reversed on the law with costs, cross motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendants' cross motion for summary judgment because there are triable issues of fact with respect to plaintiff's entitlement to a broker's commission as a result of an implied contract *(see, Briggs v Rector,* 88 AD2d 778; *Smyczynski v Goeseke,* 88 AD2d 765). The record establishes that plaintiff affixed a sign to defendants' building, allegedly "with the owner's permission and consent", listing plaintiff as the exclusive agent. The ultimate tenant observed

that sign and contacted plaintiff, who arranged for a meeting with the owners' representatives and an inspection of the building.

Defendants contend that plaintiff merely introduced the ultimate tenant to the owners of the property and did not otherwise participate in the negotiations that led to the lease agreement. Plaintiff, however, offered evidentiary proof in admissible form that defendants stated that they had another transaction pending and were not willing to wait the length of time necessary to complete the transaction with plaintiff's customer. Defendants then contacted plaintiff's customer directly without plaintiff's knowledge or consent and negotiated a lease agreement with that customer without any involvement by plaintiff. At the same time, defendants continued to advise plaintiff that there was "no change" in the situation. It is well established that an owner may not terminate the activities of a broker in bad faith and as a mere device to escape the payment of the broker's commission (see, Trylon Realty Corp. v Di Martini, 40 AD2d 1029, 1030, affd 34 NY2d 899; Aegis Prop. Servs. Corp. v Hotel Empire Corp., 106 AD2d 66, 72). Thus, we conclude that a triable issue of fact exists whether plaintiff was the procuring cause of the lease and hence entitled to a broker's commission (see, Spalt v Lager Assocs., 177 AD2d 879). (Appeal from Order of Supreme Court, Queens County, Graci, J.—Summary Judgment.) Present— Green, J. P., Balio, Fallon, Callahan and Davis, JJ.