■ PETER L. CAPPUCCILLI, SR., et al., Appellants, v KRUPP EQUITY LIMITED PARTNERSHIP, Respondent. [702 NYS2d 736] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. The evidence, viewed in the light most favorable to the nonmoving party (*see, Weiss v Garfield*, 21 AD2d 156, 158), establishes that defendant advised plaintiff Peter L. Cappuccilli, Sr. that it was interested in selling property and on more than one occasion provided him with financial information regarding the property. Plaintiffs subsequently advised defendant that they were acting as co-brokers for the sale of the property and provided defendant with a letter of intent from third-party defendant setting forth its terms for the purchase of the property. Defendant did not reject the letter but rather requested from plaintiffs a prospectus of third-party defendant, which plaintiffs duly provided. Plaintiffs' repeated

attempts to obtain information regarding the status of the negotiations between defendant and third-party defendant were ignored, and plaintiffs were precluded from any involvement in the negotiations. Defendant subsequently sold the property to third-party defendant, and plaintiffs commenced this action seeking a brokerage commission.

A real estate broker is entitled to a commission on a sale of property when the broker brings the minds of the buyer and seller to an agreement for a sale (*see, Sibbald v Bethlehem Iron Co.*, 83 NY 378, 382-383). The broker must be the procuring cause of the sale, i.e., "there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (*Greene v Hellman*, 51 NY2d 197, 206). Moreover, if a broker "does not participate in the negotiations, he must at least show that he created an amicable atmosphere in which negotiations went forward or that he generated a chain of circumstances which proximately led to the sale" (*Briggs v Rector*, 88 AD2d 778, 779). Whether a broker is the procuring cause of a sale generally is an issue of fact for the jury (*see, Lane-Real Estate Dept. Store v Lawlet Corp.* 28 NY2d 36, 44). Here, the evidence at least arguably raises an issue of fact whether plaintiffs were the procuring cause of the sale of defendant's property to third-party defendant, precluding summary judgment (*see generally, Hourigan v McGarry,* 106 AD2d 845, 845-846, *appeal dismissed* 65 NY2d 637). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.