MARY R. McNEILL, Doing Business as RE MAX MASTERS, Appellant, v JAMES L. MENTER et al., Defendants, and BARBARA ROE, Respondent. [797 NYS2d 230]—

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered February 9, 2004. The order granted the motion of defendant Barbara Roe for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: We agree with plaintiff that Supreme Court erred in entertaining the late motion of Barbara Roe (defendant) for summary judgment dismissing the complaint against her and in granting the motion. The court did not set a date for the filing of summary judgment motions after plaintiff filed a note of issue, and thus the statutory deadline for the filing of such motions was 120 days after the filing of the note of issue (*see* CPLR 3212 [a]). The "good cause" proffered by defendant in seeking summary judgment more than four months after

expiration of the 120-day period was that her attorney was waiting for the expiration of plaintiff's time to appeal from an order that, inter alia, granted the motion of the other two defendants for summary judgment dismissing the complaint against them. That excuse cannot constitute good cause because the record establishes that the motion of those other two defendants was argued approximately one month after the expiration of the statutory time limit pursuant to CPLR 3212 (a). Because defendant offered no explanation for her failure to move during the 120 days after the filing of the note of issue, the court erred in excusing its untimeliness (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Perini Corp. v City of New York*, 16 AD3d 37, 39-40 [2005]; *Breiding v Giladi*, 15 AD3d 435 [2005]).

In addition, the court erred in granting the motion. On this record, there is a triable issue of fact whether plaintiff was a procuring cause of the August 23, 2000 real estate sale by the other two defendants to defendant herein based on plaintiff's having " 'generated a chain of circumstances which proximately led to the sale' " (*Cappuccilli v Krupp Equity Ltd. Partnership*, 269 AD2d 822, 823 [2000], quoting *Briggs v Rector*, 88 AD2d 778, 779 [1982]; *see Hagedorn v Elwyn*, 229 AD2d 654, 655-657 [1996]; *Pacifico v Plate*, 183 AD2d 986, 987-988 [1992]; *see also Friedland Realty v Piazza*, 273 AD2d 351 [2000]; *Buck v Cimino*, 243 AD2d 681, 683-685 [1997], *lv denied* 91 NY2d 807 [1998]). Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.