■ JEFF POLHAMUS et al., Appellants, v WALTER C. FOULKE, Respondent. [798 NYS2d 610]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered March 10, 2004. The order granted defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion, reinstating the amended complaint and vacating the last ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in entertaining defendant's motion for summary judgment dismissing the amended complaint and in thereupon granting the motion, and we therefore modify the order accordingly. Pursuant to CPLR 3212 (a), the court may set a date by which summary judgment motions must be made, provided that the date is no earlier than 30 days after the filing of the note of issue. Where, as here, the court does not set such a deadline, a summary judgment motion must be made no later than 120 days after the filing of the note of issue "except with leave of court on good cause shown" (*id.*). The note of issue herein was filed on August 18, 2003, and thus any summary judgment motion had to be made no later than December 16, 2003. It is undisputed that the motion at issue was not made by that date, and thus defendant had to show good cause for its untimeliness. The good cause requirement in CPLR 3212 (a) "requires a showing of good cause for the delay

in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy. . . . No excuse at all, or a perfunctory excuse, cannot be 'good cause' " (*Brill v City of New York*, 2 NY3d 648, 652 [2004]). Defendant's explanation for the untimeliness of the motion did not establish good cause for the delay, and thus the court erred in excusing the untimeliness of the motion (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *LoGrasso v Myer*, 16 AD3d 1089 [2005]; *see also McNeill v Menter*, 19 AD3d 1161 [2005]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.